384 So.2d 650 (1980)
Dawn ROLLINS, Petitioner,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Respondent.
No. 58405.
Supreme Court of Florida.
May 30, 1980.
*651 A.B. Freed and Jerold Feuer, Miami, and Fletcher N. Baldwin, Gainesville, for petitioner.
George W. Chesrow of Walton, Lantaff, Schroeder & Carson, Miami, for respondent.
Steven P. Kronenberg of Pyszka, Kessler & Adams, Joseph H. Lowe and Claudia B. Greenberg of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Miami, for Hartford Acc. and Indem. Co., amici curiae.
Mary Ann Stiles, Tallahassee, for Associated Industries of Florida, amici curiae.
*652 Michael J. Rudicell and Dan F. Turnbull, Jr., Tallahassee, for State of Florida Dept. of Labor and Employment Sec., amici curiae.
Joseph C. Jacobs, Thomas M. Ervin, Jr. and Robert King High, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for American Ins. Ass'n, amici curiae.
McDONALD, Justice.
In a certified question,[1] the First District Court of Appeal requested that this Court decide whether the legislature can assign review of all orders of workers' compensation deputy commissioners and former judges of industrial claims to the First District Court of Appeal irrespective of where the compensation hearing was held. We have jurisdiction,[2] and we hold that it can.
Dawn Rollins, residing in Dade County and employed there by Southern Bell, suffered an injury deemed compensable, after hearing, by a JIC's order. The hearing was held and the order was issued in Dade County. The Industrial Relations Commission affirmed the order on February 6, 1979, and on July 31, 1979 the JIC adjudicated Rollins permanently and totally disabled. Southern Bell appealed this ruling to the IRC. On October 1, 1979 the IRC, pursuant to section 440.271, Florida Statutes,[3] transferred the case to the First District Court of Appeal.
Rollins moved to dismiss the appeal, alleging a lack of jurisdiction in that court and specifically charging the unconstitutionality of the statute which authorizes the First District Court of Appeal to hear all such cases. In an oral ruling from the bench, the sitting three-judge panel denied the motion and upheld the statute.[4]
As her principal attack on the statute's constitutionality, Rollins claims that article V, section 4 of the Florida Constitution describes a scheme of district court jurisdiction whereby each district court may review orders arising only in its respective territory. She claims, therefore, that there must be some geographical nexus between her case and the reviewing court. She states that, because Dade County was the situs of her injury, residency, employment, and compensation hearings, the only proper district court to hear the appeal is the Third District Court of Appeal.[5]
Without deciding whether the constitution requires such a nexus, we dispose of petitioner's argument by recognizing that there is a geographical relationship in the present case. The workers' compensation system is a legislatively created mechanism which supplants employees' common law causes of action against employers for injuries occurring during the course of employment. In implementing the system, the legislature removed the mechanics of compensation for such injuries from the court system and placed it in the executive branch and the Department of Labor and Employment Security (department), which is headquartered in Tallahassee. Consequently, since the enactment of the workers' compensation statute, a worker no longer has a cause of action which would *653 arise in the place of injury. He now has an administrative remedy administered and supervised by the department in Tallahassee. If one insists, as does petitioner, on using the inapplicable language of the common law, we would say that the "cause of action" in a workers' compensation case "arises" in the department and, therefore, in Tallahassee. The First District Court of Appeal, therefore, is a permissible choice among the district courts to hear such appeals.
While a hearing, if required, in a workers' compensation case must be held in the county in which the injury occurred,[6] that location is by legislative decision and not by constitutional mandate. We can assume, then, that the legislature could require all such hearings to be in Tallahassee. The grace shown by the legislature in decentralizing hearings, however, does not preclude that body from deciding not to decentralize appeals from such hearings.
The legislative assignment of these appeals could not stand in the face of a specific assignment of these appeals by the constitution. The constitution, however, is silent as to workers' compensation cases. We do not construe section 4(b)(2) of article V to require that all district courts of appeal participate in the review of a particular administrative agency's action where there is a rational nexus between that action and a particular appellate district. We can find no constitutional impediment to the assignment of workers' compensation appeals to the First District Court of Appeal.
We find no merit to petitioner's other arguments. Section 440.271 is not a prohibited special law under article III, section 11, nor does it violate the procedural requirements of article V, section 9. The right to vote for retention or removal of the appellate judges in one's district[7] is not abrogated, and the statute bears a rational relation to a legitimate objective; it does not violate equal protection.
We note petitioner's concern that, by our holding, the legislature could set up a system of specialized courts. This decision does not go that far. The Court merely recognizes the nature of the workers' compensation system with its supervision in Tallahassee and notes its special relationship to the First District Court of Appeal. Whether the legislature could have assigned these appeals to any other district court remains to be answered another day.
The certified question is answered in the affirmative and this case is remanded to the District Court of Appeal, First District, for further proceedings.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] The certified question is:

Whether section 46(1), chapter 79-40, Laws of Florida, providing for review of worker compensation orders of Judges of Industrial Claims and Deputy Commissioners by the First District Court of Appeal, effective 1 October 1979, is constitutional?
Southern Bell Tel. & Tel. Co. v. Rollins, 1980 Fla.L.W. 163 (Fla. 1st DCA 1979) (order).
[2] Art. V, § 3(b)(3), Fla. Const. (1976).
[3] This section reads as follows:

Appeal of order of deputy commissioner  After September 30, 1979, review of any order of a deputy commissioner entered pursuant to this chapter, shall be by appeal to the District Court of Appeal, First District. On October 1, 1979, all appeals pending before the Industrial Relations Commission shall be transferred to the District Court of Appeal, First District, and the court shall act on such appeals.
[4] Southern Bell Tel. & Tel. Co. v. Rollins, 1980 Fla.L.W. 257 (Fla. 1st DCA Dec. 12, 1979); 1980 Fla.L.W. 163 (Fla. 1st DCA Dec. 13, 1979) (order); 1980 Fla.L.W. 209 (Fla. 1st DCA Jan. 23, 1980) (memorandum of R. Smith, J.).
[5] Dade County (which is in the eleventh judicial circuit) is in the Third Appellate District. § 35.04, Fla. Stat.
[6] § 440.25(3)(b), Fla. Stat. This subsection provides for hearing outside the county in which the injury occurred upon agreement of the parties and authorization of deputy commissioner in the county of injury.
[7] Art. V, § 10, Fla. Const.