583 So.2d 785 (1991)
STATE DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Donald S. SCOTT, Respondent.
No. 91-01054.
District Court of Appeal of Florida, Second District.
August 9, 1991.
*786 Rafael E. Madrigal, Asst. Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Miami, for petitioner.
Harold M. Stevens, Fort Myers, for respondent.
SCHEB, Acting Chief Judge.
The Department of Highway Safety and Motor Vehicles seeks a writ of certiorari to review a circuit court order which denied, on jurisdictional grounds, Donald Scott's petition to review an administrative order upholding suspension of his driver's license. In its denial, the circuit court quashed the administrative order sustaining the Department's suspension of Scott's license. We grant certiorari, quash the circuit court's order and direct it to consider the case on its merits.
On October 5, 1990, Scott, a resident of New Hampshire, was arrested in Lee County for driving under the influence, a violation of section 316.193, Florida Statutes (1989). The Department suspended Scott's driver's license pursuant to section 322.2615 for his refusal to submit to a blood alcohol level breath test. An informal administrative review of the suspension pursuant to section 322.2615(1)(b)3 was held at Scott's request on October 25, 1990. That review resulted in an order finding that Scott had refused to submit to the breath test and sustaining the Department's suspension of his license for one year.
Section 322.2615(13) provides for appeal from the Department's decision pursuant to section 322.31. Section 322.31 provides:
Right of review.  The final orders and rulings of the department wherein any person is denied a license, or where such license has been canceled, suspended, or revoked, shall be reviewable in the manner and within the time provided by the Florida Rules of Appellate Procedure only by a writ of certiorari issued by the *787 circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida Rules of Appellate Procedure, any provision in chapter 120 to the contrary notwithstanding.
Scott filed a petition for a writ of certiorari in the circuit court in Lee County challenging the license suspension on the merits. In his amended petition Scott challenged the suspension, as well as the constitutionality of section 322.2615 as applied to a person who is not a resident of Florida. We do not address the merits of Scott's challenge. Rather, we limit our consideration to the issue raised on this petition for certiorari, i.e., the jurisdiction of the circuit court to conduct a review under section 322.2615(13).
The circuit court recognized that Lee County was the situs of the license suspension and the administrative hearing and a proper forum county. Nevertheless, because Scott was not a Florida resident, the court found it did not have jurisdiction to entertain his petition. The court held section 322.31 unconstitutional as applied to any non-Florida resident whose driver's license has been suspended pursuant to section 322.2615. The court reasoned that section 322.31 denies nonresidents access to the courts, due process of law, and equal protection of the law and ordered the Department to return Scott's driver's license. This petition by the Department ensued.
The circuit court failed to properly distinguish between the concepts of jurisdiction and venue. Jurisdiction is the power to act; the authority to adjudicate the subject matter. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927); Smith v. Bettinghaus, 178 So.2d 201 (Fla. 2d DCA 1965). Venue is the privilege of being accountable to a court in a particular location. In re Guardianship of Mickler, 163 So.2d 257 (Fla. 1964). The circuit court has jurisdiction to review administrative action as provided by law. Art. V, § 5(b), Fla. Const.; Fla.R.App.P. 9.030(c)(1)(C). Here section 322.31 provides for review by the circuit court. We hold that the statutory language, "in the county wherein such person shall reside," simply establishes venue. Jurisdiction cannot be conferred by consent or acquiescence. However, venue, when not objected to, is appropriate in a court having jurisdiction. Section 322.31 does not limit the circuit court's jurisdiction to only Florida residents, it simply provides a convenient location in one's county of residence for review. While Scott, a resident of New Hampshire, obviously lacks a Florida county residence, it was error to construe the statute as barring him from seeking judicial review available to residents of Florida. Granted the statute fails to provide a specific venue for nonresidents; nevertheless Scott, a nonresident, voluntarily submitted himself to the circuit court in Lee County, and the Department acquiesced to venue in that county. Thus, we think it was appropriate for the circuit court in Lee County to conduct the review.
The Florida Legislature has amended Section 322.2615(13), effective July 1, 1991 to read: "A person may appeal any decision of the department sustaining a suspension of his driver's license by a petition for writ of certiorari to the circuit court in the county wherein such person resides or wherein a formal or informal review was conducted pursuant to s. 322.31." (Emphasis supplied). The problem of venue should not arise where an alleged violation occurs after the effective date of the amended statute. However, courts should interpret the prior statutory language to allow review of violations occurring before the effective date of the amended statute in the county where the informal review was conducted.
Finally, we note that the 1991 amendment supports prior legislative intent to establish venue in the county where the review was conducted. Our interpretation is consistent with the principle that courts have the right and the duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation. Ivey v. Chicago Ins. Co., 410 So.2d 494, 497 (Fla. 1982); Gay v. Canada Dry Bottling Co. of Fla., 59 So.2d 788, 790 (Fla. 1952).
Accordingly, we grant the petition for writ of certiorari, quash the circuit court's *788 order and direct review of Scott's petition on its merits.
HALL and THREADGILL, JJ., concur.