661 So.2d 1276 (1995)
John and Karen WETHERINGTON, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 94-04330.
District Court of Appeal of Florida, Second District.
October 27, 1995.
Stephen A. Rappenecker of Holden, Williams, Rappenecker, Murphy and Eubank, P.A., Gainesville, for Appellants.
Karen A. Barnett of McKendree, Driscoll & Silver, Tampa, for Appellee.
*1277 FULMER, Judge.
By direct appeal, John and Karen Wetherington challenge a nonfinal order that consolidated two cases. Before proceeding further, we address a jurisdictional issue. A nonfinal order granting a motion to consolidate is not subject to review by direct appeal. See Fla.R.App.P. 9.130(a)(3). Nevertheless, both the appellants and the appellee assert that this court has jurisdiction because the order "concerns venue." While the trial court's order does result in a de facto transfer of venue for one case, we do not agree that this "Order Granting Defendant's Motion to Consolidate" becomes an order concerning venue for the jurisdictional purpose of Florida Rule of Appellate Procedure 9.130(a)(3)(A). However, because we conclude that the trial court acted in excess of its jurisdiction, we treat this appeal as a petition for writ of certiorari which should be granted. See Hudson v. Hofmann, 471 So.2d 117 (Fla. 2d DCA 1985).
The consolidated cases involve claims made by the Wetheringtons arising out of two automobile accidents. Appellee, State Farm, became a defendant in both cases. The first case was based on a 1985 accident that occurred in Hillsborough County and was filed in 1987 in the circuit court of Hillsborough County. The second case was based on a 1989 accident that occurred in Gilchrist County and was filed in 1992 in the circuit court of Gilchrist County. State Farm filed a motion in the Hillsborough County case, pursuant to Florida Rule of Civil Procedure 1.270,[1] asking the court to consolidate the two cases and order that they be tried in Hillsborough County. The trial court granted the motion over the Wetheringtons' objection.
Generally, consolidation is within the discretion of the trial court. See, e.g., Department of Highway Safety v. Scott, 583 So.2d 785 (Fla. 2d DCA 1991).[2] However, a court may only order consolidation of actions that are "pending before the court." Only one of the cases ordered to be consolidated was "pending before the court," that being the case filed in the circuit court of the Thirteenth Judicial Circuit in Hillsborough County. The second case was pending in the circuit court of the Eighth Judicial Circuit in Gilchrist County. More importantly, the trial court was without authority to exercise any jurisdiction over the case pending in the Eighth Judicial Circuit.
Article V, section 1, of the Florida Constitution requires that the legislature "divide the state into appellate court districts and judicial circuits following county lines." Section 5(a) provides for a circuit court "serving each judicial circuit." Section 7 provides that courts may sit in divisions and may hold trials and hearings "within the territorial jurisdiction of the court." Thus, "Article V, having carefully placed its courts in geographic territories and geographically logical relationships with each other, expects its courts to act where they are placed and in those judicial relationships exclusively." Miami-Dade Water & Sewer Auth. v. Cormio, 388 So.2d 1238, 1246 (Fla. 1st DCA 1979) (Smith, J., concurring), aff'd sub nom., Rollins v. Southern Bell Telephone and Telegraph Co., 384 So.2d 650 (Fla. 1980).
The chief justice of the supreme court may assign a judge to temporary duty in any court for which the judge is qualified. Article V, § 2(b), Fla. Const. No order of temporary assignment was entered in this case. Therefore, the trial court acted in excess of its jurisdiction by ordering that a case pending outside the confines of its territorial jurisdiction be consolidated with a case over which it did have jurisdiction. As such, the order granting the motion to consolidate is a *1278 nullity. See Caudell v. Leventis, 43 So.2d 853 (Fla. 1950).
Certiorari is granted, the order is quashed and this cause is remanded for further proceedings consistent with this opinion.
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.270(a) provides: "Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." (emphasis added)
[2] The parties direct much of their argument to the question of whether these two cases should be consolidated for trial and to the question of which county is the proper venue. These questions must first be expressly ruled on by a trial court that has jurisdiction to entertain them before we may address them.