PER CURIAM.
Having considered the appellants response to this Court’s order to show cause, dated November 15, 2002, the appeal of the circuit court’s order entitled “Order Denying Petition for Writ of Habeas Corpus ad Testificandum” is hereby dismissed for lack of jurisdiction. Appellant’s motion to consolidate is denied as moot.
The appellant has sought review of an order denying his Petition for Writ of Ha-beas Corpus ad Testificandum. The appellant’s petition below is essentially a motion for an inmate to appear at a hearing, which should not be confused with a Petition for Writ of Habeas Corpus ad Subji-ciendum. See Black’s Law Dictionary 715 (7th ed.1999). Therefore, the instant order does not constitute an end to the judi *276 cial labor in this case and is not appealable as a final order. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974).
Appellate jurisdiction to review nonfinal orders is limited to those orders identified in Florida Rule of Appellate Procedure 9.180. Nonfinal orders that “concern venue” are one category of appealable nonfinal orders. See Fla. R.App. P. 9.130(a)(8)(A). The appellant argues that his petition sought a court order allowing him to appear at a hearing on a motion for change of venue, therefore the order denying the motion concerns venue and should be ap-pealable. However, “[t]his rule enables a party to seek review of an adverse decision on venue.... ” Management Computer Controls, Inc. v. Charles Perry Construction, Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999); Kerr Const., Inc. v. Peters Contracting, Inc., 767 So.2d 610 (Fla. 5th DCA 2000). This rule does not extend to appeals of nonfinal orders where venue may be impacted by the order but the order itself does not concern venue. See Y.H. v. F.L.H., 784 So.2d 565 (Fla. 1st DCA 2001); Wetherington v. State Farm Mutual Auto. Ins. Co., 661 So.2d 1276, 1277 (Fla. 2d DCA 1995). Thus, the instant order denying appellant’s petition does not concern venue within the meaning of Rule 9.130(a)(3)(A).
DISMISSED.
KAHN, BENTON and LEWIS, JJ., CONCUR.