ORDER ON APPELLANTS MOTION TO TRANSFER VENUE

PER CURIAM.
Claimant filed a Motion to Transfer Venue of this underlying workers’ compensation appeal to the Third District Court of Appeal citing Florida Rule of Appellate Procedure 9.040(b)(1), which authorizes a transfer of venue “[i]f a proceeding is commenced in an inappropriate court.” Because Florida law requires that appellate review of workers’ compensation cases shall be by this court, we deny the motion.
Specifically, section 440.271, Florida Statutes (2010) requires that “[r]eview of any order of a judge of compensation claims entered pursuant to this chapter shall be by appeal to the District Court of Appeal, First District.” In addition, the supreme court, in Rollins v. Southern Bell Telephone & Telegraph Co., 384 So.2d 650 (Fla.1980), held this court is a constitutionally permissible venue for workers’ compensation appeals because the agency charged with monitoring and supervising workers’ compensation claims is headquartered in Tallahassee.
Currently, the workers’ compensation law is administered by the Department of Financial Services, the Agency for Health Care Administration, the Office of Insurance Regulation, the Department of Education, and the Division of Administrative Hearings, all of which are headquartered in Tallahassee. § 440.015, Fla. Stat. (2010). Accordingly, we find no basis to grant Claimant’s request to change venue as the appeal has been filed in the appropriate court.
DENIED.
WOLF, ROBERTS, and WETHERELL, JJ., concur.