297 So.2d 120 (1974)
STATE of Florida, Petitioner,
v.
Linda Jean SAMPSON, Respondent.
William HEIDTMAN, Sheriff, Palm Beach County, Appellant,
v.
Linda Jean SAMPSON, Appellee.
Nos. 74-47, 74-129.
District Court of Appeal of Florida, Fourth District.
July 5, 1974.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for petitioner and appellant.
Donald J. Beutenmuller, Jr., Anderson, Letts & Beutenmuller, Palm Beach, for respondent and appellee.
MOORE, JOHN H., II, Associate Judge.
On September 18, 1973, Respondent, having been placed on Mandatory Conditional Release after serving part of a sentence *121 for attempted robbery, was charged with violations of the conditions of her Mandatory Conditional Release and an evidentiary hearing was held on said charges on September 19, 1973 in Palm Beach County Jail. Respondent was present at said hearing represented by independently retained counsel.
Respondent's Mandatory Conditional Release was revoked by the Florida Parole and Probation Commission on October 1, 1973. Contrary to his request that he be notified prior to Respondent's transfer from the Palm Beach County Jail to the State Division of Corrections in the event of revocation, Respondent's counsel did not receive notice of the revocation until October 12, 1973. In the interim Respondent had been transferred to the Lowell Correctional Institution, Ocala, Marion County, Florida.
Respondent's counsel thereupon filed in the Circuit Court of the Fifteenth Judicial Circuit (Palm Beach County) a petition to be appointed as counsel for the Respondent and a motion for a special order returning Respondent to Palm Beach County. After notice and hearing the Circuit Court granted both requests on January 4, 1974 appointing Respondent's counsel as Special Assistant Public Defender and ordering the Superintendent of the Lowell Correctional Institution to deliver the custody of Respondent to the Sheriff of Palm Beach County, Florida.
The Petitioner, the State of Florida, filed with this Court a Petition for Writ of Certiorari to the Circuit Court seeking review of the orders of the Circuit Court appointing Respondent's counsel as Special Assistant Public Defender and ordering Respondent returned to Palm Beach County. Although the record does not reflect precisely when the Respondent was returned to Palm Beach County she was indeed returned pursuant to the aforementioned order of the Circuit Court. On January 15, 1974 Respondent, by and through her counsel, petitioned the Circuit Court for Writ of Habeas Corpus, naming the Sheriff of Palm Beach County as Respondent. The Circuit Court issued its Writ of Habeas Corpus and Petitioner moved to dismiss the Petition for Writ of Habeas Corpus and quash the issuance of the Writ. The Circuit Court, apparently recognizing that Respondent was technically within the custody of the Division of Corrections, dismissed the Sheriff of Palm Beach County as Respondent in the habeas corpus proceedings, denied dismissal of the Petition for Writ of Habeas Corpus, denied the Motion to Quash the issuance of the Writ of Habeas Corpus, and allowed Respondent five days within which to file an amended petition naming new respondents. The Circuit Court recognized the automatic stay of all proceedings by reason of the Petition for Certiorari filed with this Court and directed return of the Respondent to the Division of Corrections at the conclusion of the five day period and stayed further proceedings in the Circuit Court until final determination of the State of Florida's Petition for Certiorari in this Court. From this order Petitioner, the State of Florida, filed a timely notice of interlocutory appeal. The two cases have been consolidated on appeal.
The main contention of the Petitioner, the State of Florida, in challenging the orders of the Circuit Court is that the Circuit Court was without authority to order the return of the Respondent from the Lowell Correctional Institution to the Palm Beach County Jail because there was nothing then pending before the Circuit Court and the proper venue for challenging the decision of the Florida Parole and Probation Commission was in that circuit wherein the Respondent was then in custody. We agree and reverse.
Respondent's sole purpose in instituting the proceedings in the lower court was to challenge the order of the Florida Parole and Probation Commission revoking her Mandatory Conditional Release and returning her to the Lowell Correctional Institution. The proper method for challenging *122 such order is by habeas corpus which must be filed with the Circuit Court of the County in which the prisoner is detained. Fla. Stat. 1967 F.S.A., § 79.09; State ex rel. Wainwright v. Holley, 234 So.2d 409 (Fla.App.2nd 1970). Respondent, at the time her counsel petitioned the Circuit Court of the Fifteenth Judicial Circuit for appointment as Special Assistant Public Defender and for Respondent's return to the Fifteenth Judicial Circuit, was detained at the Lowell Correctional Institution which is in the Fifth Judicial Circuit of Florida. There was nothing then pending before the Circuit Court of the Fifteenth Judicial Circuit of Florida nor was the Respondent within the jurisdiction of said circuit. It follows that the Circuit Court was without authority to issue its orders appointing counsel and directing the return of Respondent to Palm Beach County. The Writ of Habeas Corpus, having been issued because of the improper return of Respondent to Palm Beach County, must also fall.
Better prosecure in this instance would have been to notify counsel prior to his client's transfer to the Division of Corrections; however, we know of no requirement to do so. If Respondent is entitled to court appointed counsel, a point which we do not decide, such counsel should be appointed by the appropriate Circuit Court authorized to entertain her petition to review the orders of the Florida Parole and Probation Commission.
Accordingly, the Petition for Writ of Certiorari in Case No. 74-47 is hereby granted and the orders of the trial judge appointing Respondent's counsel as court appointed counsel and directing Respondent's return from the Lowell Correctional Institution are quashed. In Case No. 74-129 the order denying the motion to dismiss the Petition for Writ of Habeas Corpus and denying the motion to quash the writ is reversed and this cause is hereby remanded to the trial court with directions to quash the writ and dismiss the habeas corpus proceedings without prejudice to Respondent to file for appropriate relief in the proper court.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.