MILLS, Judge.
We affirm the Commission’s amendment to Moore’s presumptive parole release date (PPRD).
His PPRD was initially established as December 14, 1982. This calculation occurred when the examiner inadvertently failed to deduct the time Moore was out of custody on escape when calculating his time served in custody. The initial worksheet clearly shows that Moore was out of custody for 23 months and 15 days and that he had pending escape charges in Palm Beach County.
On the biennial review of Moore’s PPRD, the Commission discovered the clerical error and amended his PPRD to properly reflect the correct amount of time in custody.
The Commission may correct an obvious clerical mistake or computation error. See Wickham v. Florida Parole and Probation Commission, 410 So.2d 989 (Fla. 1st DCA 1982). To hold otherwise would force the Commission to violate its own rules. Florida Administrative Code Rule 23-19.-02(1) states that time on escape shall not count for time in custody.
Moore has not been prejudiced by the Commission’s action. The Commission initially determined Moore should serve 113 months before being paroled. This calculation has not changed. The Commission’s action properly corrected Moore’s time in custody to reflect actual time served.
Had the computation error resulted in an incorrect date being established, resulting in a longer period of incarceration than determined, we, likewise, would approve the correction to result in the proper date being established.
McCORD and SHIVERS, JJ., concur.