FRANK D. UPCHURCH, Jr., Judge.
Zatler appeals from an order of the Circuit Court for Marion County denying his petition for writ of mandamus. The petition was filed after Zatler unsuccessfully sought reconsideration by the Florida Parole and Probation Commission of his Presumptive Parole Release Date (PPRD). In November, 1983, Zatler was advised by the Commission that it had no plans to re-open his case.
The lower court summarily denied Zatler’s petition because it believed the Commission’s action was reviewable by direct appeal under Chapter 120, Florida Statutes, and hence mandamus would not lie. See Holman v. Florida Parole and Probation Commission, 407 So.2d 638 (Fla. 1st DCA 1982). However, effective June 6, 1983, appellate jurisdiction to entertain direct appeals by prisoners or parolees from orders of the Commission was eliminated and review of a PPRD is now proper by petition for an extraordinary writ filed in circuit court. Hansen v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983); Thomas v. Florida Parole and Probation Commission, 436 *1084 So.2d 349 (Fla. 1st DCA 1983). See Chapter 83-78, § 1, Laws of Florida.[1]
As to the propriety of mandamus in such cases, in Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974)(which was decided prior to adoption of the Administrative Procedure Act, Chapter 120, Florida Statutes) the supreme court stated that while mandamus does not lie to compel the granting of parole, it does lie to compel the Commission to exercise its discretion without consideration of illegal grounds or other improper bases. See also Pannier v. Wainwright, 423 So.2d 533 (Fla. 5th DCA 1982). Zatler contends by this action that the Commission has improperly re-set his PPRD because it extended the date without good cause.
Zatler relies on various statutory provisions which provide in essence that a PPRD, once established, is binding on the Commission except for good cause in exceptional circumstances, section 947.173(3), Florida Statutes,[2] or for reason of institutional conduct or the acquisition of new information not available at the time of the initial interview, section 947.16(4), Florida Statutes.[3] See Moats v. Florida Parole and Probation Commission, 419 So.2d 775 (Fla. 1st DCA 1982). See also Jackson v. Florida Parole and Probation Commission, 429 So.2d 1306 (Fla. 1st DCA 1983). However, case law also provides that the Commission may correct a clerical mistake or computational error made in setting the prisoner’s PPRD. Priester v. Florida Parole and Probation Commission, 434 So.2d 1008 (Fla. 1st DCA 1983); Moore v. Florida Parole and Probation Commission, 415 So.2d 817 (Fla. 1st DCA 1982).
In this case, it is not entirely clear from the record before us, why Zatler’s PPRD was changed from October 30, 1984 to October 29, 1985. It may be that a computational error was originally made and the Commission was merely correcting the PPRD, but we cannot be completely sure of this. The lower court, because it believed mandamus was not proper, never reached the substantive issues here, though it did state that it believed Zatler’s petition may have some merit.
In light of these circumstances, we reverse and remand to the circuit court for expeditious consideration of the merits of the petition.
REVERSED and REMANDED.
COBB, C.J., and ORFINGER, J., concur.

. Appearing as section 120.52(1 l)(d), Florida Statutes (1983).

. Section 947.173(3) provides:
The commission may affirm or modify the authorized presumptive parole release date. However, in the event of a decision to modify the presumptive parole release date, in no case shall this modified date be after the date established under the procedures of s.947.172. It is the intent of this legislation that, once set, presumptive parole release dates be modified only for good cause in exceptional circumstances.

.Section 947.16(4) provides:
Within 90 days after any interview for parole, the inmate shall be advised of the presumptive parole release date. Subsequent to the establishment of the presumptive parole release date, the commission may, at its discretion, review the official record or conduct additional interviews with the inmate. However, the presumptive parole release date may not be changed except for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview.