SHIVERS, Judge.
John J. Ruzicka appeals the trial court’s denial of his petition for writ of mandamus against the Florida Parole and Probation Commission (FPPC). We affirm.
The appellant, petitioner in the trial court, was sentenced in 1977 to four years probation for aggravated battery (Case No. 77-3760). On January 29, 1982, probation was revoked and he was sentenced to two and one half years incarceration. On April 28, 1982, in a separate case (Case No. 81-8772) appellant was sentenced to fifteen years incarceration for shooting into an unoccupied dwelling. The fifteen-year sentence was to run consecutive to the two and one half year sentence.
Appellant’s initial FPPC interview was held in March of 1983. Pursuant to Rule 23-21.07, F.A.C., the examiner arrived at a salient factor score (SFS) of 7.[1] Based on the SFS of 7 and a second-degree felony offense, a matrix time range of 32-48 months was calculated. The examiner recommended 36 months to the FPPC. However, the Commission chose to set the base time at 48 months and to aggravate the date by 20 months, resulting in a PPRD of 68 months. The reason for aggravation stated by the Commission was that the offense involved “separate multiple offenses, to-wit: Case No. 77-3760, Aggravated Battery.”
Appellant sought relief under section 947.173, Florida Statutes, which was denied on July 14, 1983. He then filed a petition for writ of mandamus, raising two grounds.' The petition was denied by the trial court and appellant now appeals to this court.
Appellant first argues that the Commission erred in using Case No. 77-3760 (aggravated battery) as an aggravation of his PPRD where the same conviction had already been used to calculate one point for probation revocation under Category Five of the SFS. We disagree that the Commission’s action constituted error.
Section 947.165(1), Florida Statutes states in part:
Factors used in arriving at the salient factor score and the severity of offense behavior category shall not be applied as aggravating circumstances.
Rule 23-21.10(2), F.A.C. similarly provides:
(2) Information (for example, information supporting a count of an indictment that was dismissed as a result of a plea agreement) may be relied upon as aggravating or mitigating circumstances provided it meets the competent and persuasive criteria. However, the following aggravating factors shall not be used:
(a) element of the crime;
(b) information included in calculating the salient factor score;
(c) information included in the severity of offense behavior; or
(d) charges for which a person was acquitted after trial.
(emphasis supplied)
The probation revocation and the conviction in this case are closely related, since the conviction would not ultimately have resulted but for the revocation. However, we believe the two events are discrete for the purpose of Rule 23-21.07 and section 947.165(1). While the record does not indicate why appellant’s probation was revoked, we know that it was for failure to abide by one or more of the conditions of his probation. That failure was reflected in appellant’s SFS under Factor 5. The conviction, however, originally stemmed
*192 from the aggravated battery itself. Therefore, we find that the use of the revocation in the SPS and the use of the conviction as an aggravation are not prohibited.
As a second issue, appellant alleges that three of his prior convictions[2] were obtained without benefit of counsel in violation of the Sixth and Fourteenth Amendments and contrary to the standards later announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). He maintains that the Commission erred in using these uncounseled convictions to calculate points under Factors 1, 2 and 4 of the salient factor score.
The Third District has held that a pre-Gideon conviction obtained without assistance of counsel was invalid under the Sixth and Fourteenth Amendments and, therefore, could not be used to increase the salient factor score. Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA), review denied, 419 So.2d 1201 (Fla.1982). See also Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.1974) and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). However, any error which may have occurred in the instant case is harmless. As was pointed out by appellee in its answer brief, appellant has three additional pre-Gideon convictions to which he did not object.[3] Even were the three properly objected-to convictions removed from the Commission’s consideration, appellant’s SFS would remain unchanged. Therefore, we must also affirm on this issue.
Accordingly, the trial court’s order dismissing appellant’s petition for writ of mandamus is AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.

. The salient factor score was calculated as follows:
Factor 1 (number of prior convictions) 2 points
Factor 2 (number of prior incarcerations) 2 points
Factor 3 (total time served in years) 1 point
Factor 4 (age at offense which led to first incarceration) 1 point
Factor 5 (number of probation, parole, or MCR revocations) 1 point

. The three convictions to which appellant objected in his affidavit and initial brief occurred on 9/7/59, 1/17/61, and 7/11/61.

. Although appellant claimed in his reply brief on appeal that two of these three additional convictions were also uncounseled, there is no evidence in the record to support the claim and appellant’s initial brief, as well as the affidavit filed in support of his supplemental petition for writ of mandamus, both claimed specifically that only the 9/7/59, 1/17/61, and 7/11/61 convictions were uncounseled.