506 So.2d 434 (1987)
Andrew YOUNG, Appellant,
v.
Kenneth W. SIMMONS, in His Official Capacity As Chairman of the Florida Parole and Probation Commission; Louie L. Wainwright, in His Official Capacity As Secretary of the Florida Department of Corrections, Appellees.
No. 86-546.
District Court of Appeal of Florida, Second District.
February 18, 1987.
Rehearing Denied May 1, 1987.
*435 John D. Middleton, Tallahassee, for appellant.
Kurt E. Ahrendt, Asst. Gen. Co., Florida Parole and Probation Com'n, Tallahassee, for appellees.
SANDERLIN, Judge.
This is an appeal from an order of the trial court which dismissed appellant's petition for writ of habeas corpus. The dismissal was based upon the following reasons: (1) the trial court lacked in personam jurisdiction of the parties because appellees (the respondents below) are not located in DeSoto County; and (2) the factual allegations in the petition did not establish grounds upon which the writ could be granted. We affirm.
At oral argument appellees conceded that the trial court had in personam jurisdiction to hear the petition. The proper method for challenging an order of the Parole and Probation Commission when revoking parole is by a petition for writ of habeas corpus filed in the circuit court of the county in which the prisoner is detained. § 79.03, Fla. Stat. (1985); Art. V, § 5(b), Fla. Const.; State v. Sampson, 297 So.2d 120 (Fla. 4th DCA 1974). See also State ex rel. Wainwright v. Holley, 234 So.2d 409 (Fla. 2d DCA 1970). Because appellant's petition alleged that he was detained in the DeSoto County Correctional Institute, the DeSoto County Circuit Court was the proper forum in which to file his petition.
Had the trial court based its dismissal solely on the basis of lack of jurisdiction, we would be compelled to reverse. The trial court, however, also reached the merits and found that the factual allegations in the petition did not establish grounds upon which the writ could be granted. After reviewing the record and the applicable case law, we find competent, substantial evidence to support the revocation of appellant's parole.
Accordingly, the order dismissing appellant's petition for writ of habeas corpus is affirmed.
DANAHY, C.J., and CAMPBELL, J., concur.