589 So.2d 456 (1991)
Fannings JOHNSON, Appellant,
v.
STATE of Florida, et al., Appellees.
No. 91-338.
District Court of Appeal of Florida, Fifth District.
November 21, 1991.
Fannings Johnson, pro se.
James S. Byrd, Asst. Gen. Counsel, Florida Parole Com'n, Tallahassee, for appellees.
PETERSON, Judge.
Fannings Johnson appeals the denial of his petition for writ of habeas corpus. While the circuit court's order does not state the reason for denial, the response from the Florida Probation and Parole Commission (Commission) in the form of a motion to dismiss gives us reason to believe that the denial was based upon procedural grounds. We reverse and remand.
Johnson's parole was revoked by the Commission after he was arrested and charged with robbery with a firearm and dealing in stolen property. Although he was acquitted of both charges after a jury trial, he was ordered back to prison, and the Commission established a presumptive parole release date (PPRD) for the year 2002. Johnson was dissatisfied with that date, believing that a mistake had been made in the preparation of his score sheet, and on October 25, 1989, he filed a petition for writ of mandamus with the Marion County Circuit Court to correct the score sheet. The petition was denied on January 31, 1990, and no appeal was taken.
On November 16, 1989, while the petition for mandamus was pending, Johnson filed a "Notice of Intent to File Original Proceedings in the Form of Habeas Corpus" in the Marion County Circuit Court. The clerk of the court assigned a file number to this "Notice," a number separate from the mandamus proceeding. Johnson challenged the parole revocation in the new habeas proceeding. The Commission responded with its motion to dismiss alleging that Johnson's challenge of his parole revocation should have been raised in the earlier mandamus action, that Johnson was procedurally barred from later raising it in a separate action, and that successive post-conviction litigation is not permitted under Mobley v. State, 492 So.2d 734 (Fla. 5th DCA 1986), reinstatement denied, 497 So.2d 1217 (Fla. 1986).
Johnson alleges that the clerk assigned a file number to his "Notice" that was different *457 from the number of the then pending mandamus action and that this new file number misled him into believing that separate actions were the "proper vehicle" with which to raise the separate issues. He alleges that the Commission also misled him since it responded to Johnson's "Notice" by indicating that it had not yet been served with a copy of a petition for writ of habeas corpus and since it responded to his motion to compel the Commission to provide a transcript of the revocation proceedings by indicating that it did not transcribe such proceedings.
We do not find an abuse of writ in the successive petitions for writs of mandamus and habeas corpus. Not only were different issues raised in the petitions, but the relief sought and the grounds necessary for relief are different in the two forms of writ. Mandamus is a remedy used to compel a public officer to perform a duty, while habeas corpus seeks immediate release from illegal detention. In the early petition, Johnson properly sought a writ of mandamus to compel the Commission to correct the PPRD score sheet. No direct appeal is available from a PPRD determination, and Johnson properly sought review by way of mandamus to correct the score sheet used to determine the date. See, e.g., Zatler v. State, 457 So.2d 1083 (Fla. 5th DCA 1984). He also properly sought a writ of habeas corpus to challenge the parole revocation. Young v. Simmons, 506 So.2d 434 (Fla. 2d DCA 1987).
In Mobley, we held that the same issue cannot be litigated in successive petitions. Here, Johnson made successive petitions for extraordinary relief, but the successive petitions did not seek the same relief or involve the same issues. The record before us does not indicate that Johnson even raised or mentioned the habeas issues in the earlier proceedings after filing his petition for mandamus.
We find no merit in the Commission's arguments that Johnson filed a petition for writ of habeas corpus in Leon County and that the dismissal of that petition should bar this action. The record shows that the petition was dismissed because the relief sought was the same sought in the pending Marion County proceedings.
The denial of the writ is reversed, and the matter remanded for further proceedings.
REVERSED and REMANDED.
COWART and DIAMANTIS, JJ., concur.