SHIVERS, Judge.
This appeal is from the summary denial of a petition for a writ of mandamus. We reverse and remand with instructions to issue an alternative writ in mandamus.
In October 1982 Wallace Porter was convicted of kidnapping and manslaughter. He received consecutive sentences of life and fifteen years.
On September 23, 1987, Porter was interviewed by a hearing examiner to establish his presumptive parole release date (PPRD). Porter’s PPRD was set for June 22,1994, based in part on a calculation that Porter had three or more prior convictions and two or more prior incarcerations. See Fla.Admin.Code Rules 23-21.077(1) and (2). In 1988, following disciplinary confinement for possession of narcotics, Porter’s PPRD was extended one year. The PPRD was based on the same number of prior convictions and incarcerations as in 1987.
On September 21, 1990, Porter filed a “writ of mandamus” in the circuit court pursuant to Florida Rule of Appellate Procedure 9.100. He argued the PPRD was incorrectly calculated because he had no prior convictions and only one prior incarceration. Porter’s petition was summarily denied. The circuit court’s order was sent to the Florida Parole and Probation Commission, which was unaware of Porter’s petition and had filed no response. Porter filed a notice of appeal and an initial brief. The Commission filed an answer brief along with a motion to supplement the record with the documents it used to calculate Porter’s PPRD. The motion to supplement the record was denied.
A petition for writ of mandamus directed against the Commission is the appropriate procedure to challenge a PPRD. Florida Parole and Probation Comm’n v. Fuller, 491 So.2d 275 (Fla.1986). However, when petitioning for an extraordinary remedy in the circuit court, Rule of Civil Procedure 1.630 applies instead of Appellate Rule 9.100. Rule 1.630(d)(3) requires that the circuit court issue an alternative writ in mandamus if the initial pleading shows a prima facie case for relief. Rule 1.630(e) requires that the defendant respond.
Porter’s petition states a prima fa-cie case for relief. If he has no prior convictions, for example, the Commission must recalculate his PPRD. However, there is no way to know from the record whether Porter has prior convictions or incarcerations. Meaningful appellate review can only occur after the Commission has addressed Porter’s petition on the record by means of a response to an alternative writ.
Accordingly, we reverse and remand with instructions for the trial court to issue an alternative writ in mandamus directing *33 the Commission to show cause why Porter’s petition should not be granted.
REVERSED and REMANDED.
MINER and ALLEN, JJ., concur.