630 So.2d 1210 (1994)
CALVIN CARLOS Campbell, Appellant,
v.
FLORIDA PAROLE Commission, Appellee.
No. 92-3797.
District Court of Appeal of Florida, First District.
January 20, 1994.
Rehearing Denied February 25, 1994.
Calvin Carlos Campbell, Punta Gorda, pro se.
*1211 James S. Byrd of Florida Parole Com'n, Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges an order denying his petition for a writ of mandamus. He sought relief with regard to his presumptive parole release date and asserted due process violations in his parole revocation proceedings. We vacate that part of the order addressing the appellant's parole revocation proceedings and affirm in all other respects.
We reject the appellant's claims regarding his presumptive parole release date. His claim that the appellee violated the ex post facto clauses by using an amended matrix, rather than the matrix in effect when his original presumptive parole release date was established, has been rejected by the supreme court. May v. Florida Parole & Probation Comm'n, 435 So.2d 834 (Fla. 1983).
We next reject the appellant's claim that expired misdemeanor convictions were improperly used in aggravation. Contrary to the appellant's suggestion, the misdemeanor battery convictions were not used in figuring his salient factor score, and the fact that those convictions provided the basis for revoking his parole (adding one point to his salient factor score) does not preclude their use in aggravation. See Ruzicka v. Florida Parole & Probation Comm'n, 480 So.2d 190 (Fla. 1st DCA 1985); see also Lamar v. Florida Parole & Probation Comm'n, 430 So.2d 948 (Fla. 1st DCA 1983). We conclude that the aggravation was neither arbitrary nor excessive. See Fla. Admin. Code Rule 23-21.010.
We likewise reject the appellant's assertion that the failure to accord him annual review of his presumptive parole release date as provided by the rule in effect at the time of his 1966 offense violates the ex post facto clauses. Appellant's reliance on Akins v. Snow, 922 F.2d 1558 (11th Cir.), cert. denied, ___ U.S. ___, 111 S.Ct. 2915, 115 L.Ed.2d 1079 (1991), is misplaced because, unlike the inmates in Akins, the appellant is not eligible for parole, and will not be eligible until February 9, 2008. Thus, his reviews do not offer "an opportunity for parole." Id. at 1562. We conclude that any disadvantage suffered by virtue of the extra time between reviews is insubstantial, and therefore does not violate ex post facto provisions. See id. at 1564.
We turn lastly to the appellant's argument that the trial court erred in addressing the merits of a claim relating to his parole revocation proceedings after he confessed error in raising the claim by way of this mandamus action. The proper method for challenging an order of the Parole and Probation Commission when revoking parole is by a petition for writ of habeas corpus filed in the county in which the prisoner is detained. Young v. Simmons, 506 So.2d 434, 435 (Fla.2d DCA 1987); § 79.09, Fla. Stat. (1991). Because the authority of the court to issue a writ is limited to its territorial jurisdiction, the court lacks jurisdiction where the writ would have to be executed beyond the court's territorial jurisdiction. Newman v. Hornsby, 385 So.2d 1106, 1108 (Fla. 5th DCA 1980); see Stein v. Stein, 537 So.2d 613 (Fla. 4th DCA 1988). In this case, the appellant is incarcerated in Charlotte County, but filed his mandamus action in Leon County. The court below was therefore without jurisdiction on this claim and should have refrained from ruling on the merits of the claim.
Accordingly, we vacate that portion of the trial court's order addressing the parole revocation proceedings, and we remand with instructions to dismiss that claim without prejudice to the appellant's right to file a habeas corpus petition in the appropriate court. See Bush v. State, 545 So.2d 506 (Fla. 1st DCA 1989). We affirm on all other issues.
ERVIN and SMITH, JJ., concur.