697 So.2d 965 (1997)
David LEWIS, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 96-3510.
District Court of Appeal of Florida, First District.
August 5, 1997.
Stephen K. Johnson, of Stephen K. Johnson, P.A., Gainesville, for Appellant.
Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee.
PER CURIAM.
We reverse and remand the order denying appellant's petition for a writ of habeas corpus because the Circuit Court in and for Leon County, in the Second Judicial Circuit, did not have territorial jurisdiction to rule on such petition.
Appellant, claiming that there was insufficient evidence to support the revocation of his parole, filed a petition for writ of habeas corpus in the Circuit Court for the Tenth Judicial Circuit in Polk County. This was the proper venue, as appellant was incarcerated in Polk County. § 79.09, Fla. Stat.; see Ruiter v. Wainwright, 249 So.2d 67 (Fla. 2 Dist. DCA 1971). The Circuit Court in Polk County, however, granted the Parole Commission's motion for change of venue, which was premised on the incorrect theory that since the Commission is situated in Leon County, venue is proper there.
After ordering a response from the Commission, the Leon County Circuit Court dismissed *966 the petition as an abuse of the writ. Appellant already had filed a petition for a writ of mandamus in the Circuit Court of Leon County, challenging his presumptive parole release date. The petition had been denied on the merits. The court below ruled that the matters raised in this case could have and should have been raised in the mandamus action.
That ruling is incorrect because appellant was required to file separate actions. As noted above, a habeas petition challenging a parole revocation must be filed in the county where the prisoner is incarcerated. On the other hand, the proper method of challenging a presumptive parole release date is by a petition for a writ of mandamus, filed in the Circuit Court of Leon County. See Porter v. Florida Parole & Probation Comm'n, 603 So.2d 31 (Fla. 1st DCA 1992).
The Parole Commission argues that the issue of venue is moot because appellant did not appeal the change of venue to the Second Judicial Circuit in the Second District Court of Appeal. Even were we to accept this argument, however, we find that the order below must be reversed because the Circuit Court of Leon County does not have territorial jurisdiction over this action. See Campbell v. Florida Parole Comm'n, 630 So.2d 1210, 1211 (Fla. 1st DCA), rev. denied, 639 So.2d 976 (Fla.1994), vacated, 514 U.S. 1094, 115 S.Ct. 1819, 131 L.Ed.2d 742, reinstated, 657 So.2d 67 (Fla. 1st DCA), cert. denied, ___ U.S. ___, 116 S.Ct. 533, 133 L.Ed.2d 438 (1995). As long as appellant is incarcerated in the Tenth Judicial Circuit, only a court in that circuit has the power to entertain a petition for writ of habeas corpus, and therefore is the only court with territorial jurisdiction to adjudicate the merits of his claim.
For that reason, we decline to address the merits of appellant's claim, and thus reject the Parole Commission's request that we engage in a harmless-error analysis. As this is a matter for the courts of another district, we believe it would be improper for this court to in any way comment on the meritoriousness of appellant's claim.
Likewise, we reject the Parole Commission's fallback position that the matter be remanded with instructions to dismiss the petition without prejudice to refile in the appropriate court. As appellant already filed the matter in the proper court, and the Parole Commission improperly moved to change venue, we feel that result is unjust and inappropriate.
For the reasons expressed herein this matter is remanded to the Circuit Court of Leon County with instructions that the court transfer the petition back to the Tenth Judicial Circuit.
MINER, ALLEN and LAWRENCE, JJ., concur.