841 So.2d 615 (2003)
Fannings JOHNSON, Petitioner,
v.
FLORIDA PAROLE COMMISSION and James V. Crosby, Jr., Secretary, Department of Corrections, Respondents.
No. 1D02-2047.
District Court of Appeal of Florida, First District.
April 3, 2003.
*616 Fannings Johnson, pro se, petitioner.
William L. Camper, General Counsel, and Mark J. Hiers, Assistant General Counsel, Florida Parole Commission, Tallahassee, for respondents.
PER CURIAM.
Petitioner seeks a writ of certiorari to review an order of the circuit court which denied a petition for writ of habeas corpus. We grant the petition.
The Florida Parole Commission (FPC) revoked petitioner's parole on August 23, 2000. On April 12, 2001, FPC established petitioner's presumptive parole release date (PPRD). On September 6, 2001, petitioner challenged the PPRD by filing a petition for writ of mandamus in the Leon County Circuit Court. The petition for writ of mandamus was denied and this court affirmed the circuit court's action when review was sought by petition for writ of certiorari. Johnson v. Florida Parole Comm'n, 833 So.2d 123 (Fla. 1st DCA 2002).
Meanwhile, on December 10, 2001, petitioner filed a petition for writ of habeas corpus in the county where he was incarcerated to challenge the factual basis of his parole revocation. The Gulf County Circuit Court denied the petition for writ of habeas corpus finding that it was a successive petition to the petition for writ of mandamus filed in Leon County and that habeas corpus could not be used as a substitute for appeal. Petitioner now seeks certiorari review of that order pursuant to Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998).
*617 The circuit court improperly denied the petition for writ of habeas corpus as a successive petition. See Johnson v. State, 589 So.2d 456 (Fla. 5th DCA 1991). In rejecting a similar finding of successive petitions, the court in Johnson stated
Not only were different issues raised in the petitions, but the relief sought and the grounds necessary for relief are different in the two forms of writ. Mandamus is a remedy used to compel a public officer to perform a duty, while habeas corpus seeks immediate release from illegal detention. In the early petition, Johnson properly sought a writ of mandamus to compel the [Florida Parole] Commission to correct the PPRD score sheet. No direct appeal is available from a PPRD determination, and Johnson properly sought review by way of mandamus to correct the score sheet used to determine the date. See, e.g., Zatler v. State, 457 So.2d 1083 (Fla. 5th DCA 1984). He also properly sought a writ of habeas corpus to challenge the parole revocation. Young v. Simmons, 506 So.2d 434 (Fla. 2d DCA 1987).

Johnson, 589 So.2d at 457.
Because the jurisdiction of District Courts of Appeal to entertain direct appeals by parolees from final orders of the Florida Parole Commission has been eliminated, prisoners and parolees must seek their remedy in circuit court by way of a petition for an extraordinary writ. See Johnson v. Florida Parole and Probation Comm'n, 543 So.2d 875 (Fla. 4th DCA 1989), disapproved on other grounds, Sheley v. Florida Parole Comm'n, 720 So.2d 216 (Fla.1998); Thomas v. Florida Parole and Probation Comm'n, 436 So.2d 349 (Fla. 1st DCA 1983); Hansen v. Florida Parole and Probation Comm'n, 436 So.2d 349 (Fla. 1st DCA 1983). Petitioner's previous mandamus petition sought to challenge the PPRD and was properly filed in the circuit court where the agency was headquartered. See Lewis v. Florida Parole Comm'n, 697 So.2d 965 (Fla. 1st DCA 1997). The habeas corpus petition challenged the parole revocation and was properly filed in the county where petitioner was detained. See Campbell v. Florida Parole Comm'n, 630 So.2d 1210 (Fla. 1st DCA 1994) rev. denied, 639 So.2d 976 (Fla. 1994), vacated, 514 U.S. 1094, 115 S.Ct. 1819, 131 L.Ed.2d 742 (1995), reinstated, 657 So.2d 67 (Fla. 1st DCA), cert. denied, 516 U.S. 996, 116 S.Ct. 533, 133 L.Ed.2d 438 (1995); Young v. Simmons, 506 So.2d 434 (Fla. 2d DCA 1987); § 79.09, Fla. Stat. (2000). Because there is no right to appeal the revocation of parole, review by petition for writ of habeas corpus in the circuit court is proper.
Finally, we note that unlike the 30 day time limit imposed by Florida Rule of Appellate Procedure 9.100(c)(4), to file a petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings, the Florida Supreme Court has not by rule adopted a similar time limit to challenge orders of FPC in parole revocation or PPRD proceedings. Accordingly, the question of timeliness must be raised by the affirmative defense of laches. See McCray v. State, 699 So.2d 1366 (Fla.1997)(the doctrine of laches is properly applied to habeas corpus petitions when the delay in bringing a claim has been unreasonable and the state has been prejudiced in responding to the claim).
We grant the petition for writ of certiorari, quash the order of the circuit court and remand for further proceedings.
PETITION GRANTED.
BARFIELD, KAHN and PADOVANO, JJ., concur.