920 So.2d 106 (2006)
Donald H. SULLIVAN, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 2D05-919.
District Court of Appeal of Florida, Second District.
January 20, 2006.
Donald H. Sullivan, pro se.
Kim M. Fluharty, General Counsel, and Susan Schwartz, Assistant General Counsel, Tallahassee, for Appellee.
*107 VILLANTI, Judge.
Donald H. Sullivan appeals the circuit court order dismissing his petition for writ of habeas corpus. We reverse the order of dismissal and remand for further proceedings.
Sullivan sought review of the Commission's decision to suspend his presumptive parole release date by filing a petition for writ of habeas corpus in the Polk County Circuit Court. The circuit court properly determined that the proper vehicle for Sullivan's challenge was by a petition for a writ of mandamus directed against the Commission. See Sheley v. Fla. Parole Comm'n, 720 So.2d 216, 217 (Fla.1998). The circuit court also properly determined that the mandamus petition must be filed in the Leon County Circuit Court, where the Commission is headquartered, unless the home venue privilege is waived by the Commission. See Lewis v. Fla. Parole Comm'n, 697 So.2d 965, 965 (Fla. 1st DCA 1997). The circuit court then dismissed the petition without prejudice to Sullivan's right to file a mandamus petition in the Leon County Circuit Court.
Rather than dismissing the petition, the circuit court should have transferred it to Leon County. See Griffith v. Crosby, 898 So.2d 212, 213 (Fla. 2d DCA 2005). The question of where the Commission should be made to answer the petition is an issue of venue, not jurisdiction. "[T]he remedy for improper venue is a transfer to the proper venue, not dismissal." McClain v. Crawford, 815 So.2d 777, 778 (Fla. 2d DCA 2002).
Accordingly, we reverse the order dismissing the petition and remand with directions to the circuit court to transfer the proceeding to the Leon County Circuit Court.
STRINGER and KELLY, JJ., Concur.