PER CURIAM.
Thomas filed a petition for writ of habe-as corpus on May 5, 2006. He is seeking relief that is not appropriate for a writ of habeas corpus relief. Johnson v. State, 589 So.2d 456 (Fla. 5th DCA 1991). It is *92 not the purpose of the writ to determine sufficiency of the evidence nor the adequacy of a defense nor the justice of a detention on the merits, but only to determine whether the person is legally imprisoned or restrained of liberty.
In this case, Thomas fails to assert an illegal detention and there are other adequate remedies. Moore v. State, 784 So.2d 617 (Fla. 5th DCA 2001). In essence, he seeks to attack his plea as being coerced and involuntary or makes claims his counsel should have raised or preserved. Claims of involuntary pleas and ineffective assistance of trial counsel must be raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Thomas’ two year time limit for filing such a motion has not yet run and will not do so until Monday, September 11, 2006.
We deny the petition without prejudice to file a motion seeking relief pursuant to Florida Rule of Criminal Procedure 3.850.
Petition for Writ of Habeas Corpus DENIED Without Prejudice.
PALMER and TORPY, JJ., SHARP, W., Senior Judge, concur.