PER CURIAM.
Petitioner seeks a writ of certiorari to review an order of the circuit court which denied a petition for writ of mandamus as untimely. We grant the petition.
Following an interview on October 1, 2004, a Parole Commission hearing examiner recommended that the Florida Parole Commission (FPC) set the petitioner’s presumptive parole release date (PPRD) for March 5, 2007. On November 17, 2004, the FPC did not affirm the hearing examiner’s recommended PPRD and the FPC set the established PPRD for September 5, 2009. Petitioner requested an administrative review of the decision and on April 5, 2005, the Review Request Commission denied any change to the established PPRD. On March 27, 2006, petitioner challenged the PPRD by filing a petition for writ of mandamus in the Leon County Circuit Court. The circuit court, without issuing an order to show cause, denied the petition for writ of mandamus as untimely pursuant to the 30-day time limit, imposed by Florida Rule of Appellate Procedure 9.100(c)(4), to file a petition challenging agency action. The circuit court improperly denied the petition for writ of mandamus as untimely.
In Johnson v. Florida Parole Commission, 841 So.2d 615, 617 (Fla. 1st DCA 2003), we held “that unlike the 30 day limit imposed by Florida Rule of Appellate Procedure 9.100(c)(4), to file a petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings, the Florida Supreme Court has not by rule adopted a similar time limit to challenge orders of FPC in parole revocation or PPRD proceedings.” See also Spaziano v. Fla. Parole Comm’n, 31 Fla. L. Weekly D1597 (Fla. 1st DCA June 9, 2006) (citing Johnson, 841 So.2d at 617, for this proposition). Therefore, “the question of timeliness must be raised by the affirmative defense of laches.” Johnson, 841 So.2d at 617 (citing McCray v. State, 699 So.2d 1366 (Fla.1997) (holding the doctrine of laches is properly applied to habeas corpus petitions when the delay in bringing a claim has been unreasonable and the state has been prejudiced in responding to the claim)). As such, because the Florida Supreme Court has not adopted a 30-day time limit rule for challenging orders of the FPC in parole revocation or PPRD proceedings, the circuit court, without issuing an order to show cause, departed from the essential requirements of law in denying petitioner’s request for mandamus relief as untimely *77 under Florida Rule of Appellate Procedure 9.100(c)(4).
We grant the petition for writ of certio-rari, quash the order of the circuit court, and remand for further proceedings.
PETITION GRANTED.
WOLF, VAN NORTWICK, and LEWIS, JJ., concur.