PER CURIAM.
The appellant in this case is an inmate in the custody of the Department of Corrections who challenges the trial court’s dismissal of his writ of habeas corpus challenging the Parole Commission’s determination of his presumptive parole release date. Although the trial court correctly determined that the proper vehicle for such a challenge is a writ of mandamus filed in Leon County, where the Commission is headquartered, see Sheley v. Florida Parole Commission, 720 So.2d 216, 217 (Fla.1998); Lewis v. Florida Parole Commission, 697 So.2d 965 (Fla. 1st DCA 1997), the proper remedy was to transfer the case to Leon County, rather than dismissing or denying the petition. See Sullivan v. Florida Parole Comm'n, 920 So.2d 106, 106 (Fla. 2d DCA 2006); see also Bush v. State, 945 So.2d 1207, 1214 (Fla.2006). Therefore, we reverse and remand with directions to the trial court to transfer the case to Leon County.
Reversed and remanded with directions.
DAVIS, PADOVANO, and HAWKES, JJ., concur.