PER CURIAM.
 

 In 1997, Appellant, Robert Coakley was convicted in Duval County of armed robbery and conspiracy to commit armed robbery, and was sentenced as a habitual offender to life imprisonment. The judgment and sentence were affirmed on direct appeal in
 
 Coakley v. State,
 
 731 So.2d 652 (Fla. 1st DCA 1999) (Table). In the instant case, Appellant challenges an order striking the petition for a writ habeas corpus he filed on March 15, 2010, in Duval County. According to the trial court, the petition should have been filed in Columbia County where Appellant is incarcerated.
 

 Normally, a habeas corpus petition must be filed in the circuit court for the county in which the petitioner is imprisoned.
 
 See
 
 § 79.09, Florida Statutes (2009). But when a petitioner attacks his conviction by raising issues relating to the trial or to the propriety of a plea, the trial court that imposed the sentence and rendered the judgment of conviction has juris
 
 *792
 
 diction.
 
 See Collins v. State,
 
 859 So.2d 1244, 1245 (Fla. 5th DCA 2003). In his petition, Appellant challenged his convictions asserting he was denied a fair trial because the court failed to give a particular jury instruction warranted by the evidence. Thus the circuit court for Duval County had jurisdiction over Appellant’s habeas corpus petition and erred in striking it. Nevertheless, we affirm because Appellant would not have been entitled to relief. “Habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings.”
 
 Zuluaga v. State, Dept. of Corrections,
 
 32 So.3d 674, 677-78 (Fla. 1st DCA 2010).
 
 See Sheriff v. Moore,
 
 781 So.2d 1146 (Fla. 1st DCA 2001) (concluding that trial court incorrectly denied habeas corpus petition for lack of jurisdiction but affirming denial because petition raised issues that could have been and should have been raised on appeal).
 

 AFFIRMED.
 

 THOMAS, ROBERTS, and MARSTILLER, JJ., concur.