EVANDER, J.
Patricia Wolack appeals from the summary dismissal of her petition for writ of habeas corpus. In her petition, Wolack challenged the Florida Parole Commission’s determination of her presumptive parole release date. Although the trial court correctly determined that Wolack’s claim was not appropriately raised in a habeas petition, it should have treated the petition as one seeking mandamus relief and transferred the cause to the appropriate venue.
Habeas relief is not an available remedy for the allegedly improper action of the Parole Commission in setting or extending *360 a presumptive parole release date. Kirsch v. Greadington, 425 So.2d 153 (Fla. 1st DCA 1983); Pannier v. Wainwright, 423 So.2d 533 (Fla. 5th DCA 1982). The inmate’s proper remedy is to file a petition for writ of mandamus against the Parole Commission in Leon County. Sullivan v. Fla. Parole Comm’n, 920 So.2d 106 (Fla. 2d DCA 2006).
In the instant case, the trial court should have treated the petition as one for mandamus and transferred the cause to Leon County. See Currie v. State, 955 So.2d 1200, 1201 (Fla. 1st DCA 2007) (although trial court correctly determined that proper vehicle for inmate’s challenge to Parole Commission’s determination of presumptive parole release date was by mandamus action, proper remedy was to transfer cause to Leon County rather than dismissing or denying inmate’s petition for writ of habeas corpus); Sullivan, 920 So.2d 106 (“Rather than dismissing the petition, the circuit court should have transferred it to Leon County.”).
REVERSED .and REMANDED.
GRIFFIN and COHEN, JJ., concur.