IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TERRY D. BRIGHT,

      Appellant,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5303

Opinion filed March 12, 2015.

An appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Jr., Judge.

Terry D. Bright, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Sarah J. Rumph, General Counsel, Tallahassee, for Appellee.

ROBERTS, J.

      The Appellant, Terry D. Bright, appeals the decision of the First Judicial Circuit Court in Santa Rosa County to transfer his petition for writ of habeas corpus to the First Judicial Circuit Court in Escambia County. We agree that the Santa Rosa County Court had the proper jurisdiction to review the petition.

The trial court transferred the petition in this case after finding that the Appellant was attacking the legality of his original classification as a habitual felony offender. See Coakley v. State, 43 So. 3d 790 (Fla. 1st DCA 2010) (finding that the trial court that imposed the sentence has jurisdiction when an appellant attempts to attack his conviction by raising issues relating to the trial or the propriety of a plea). However, as conceded by the Appellee, the trial court's interpretation of the petition was incorrect.

Section 79.09, Florida Statutes (2014), provides that petitions for writ of habeas corpus must be filed with the clerk of the circuit court of the county in which the prisoner is detained. Here, the Appellant was incarcerated in Santa Rosa County at the time of filing and has since been transferred to a work camp in Escambia County. Because the Appellant was incarcerated in Santa Rosa County at the time of filing, the Santa Rosa County circuit court has jurisdiction over the petition. Accordingly, we REVERSE the transfer of the petition.

CLARK and ROWE, JJ., CONCUR.