IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL LAWRENCE
CASSIDY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D15-868

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed November 5, 2015.

An appeal from the Circuit Court for Okaloosa County.
Michael Flowers, Judge.

Michael Lawrence Cassidy, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kathryn Lane, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    We previously affirmed Appellant's judgment and sentence on his direct appeal. Cassidy v. State, 130 So. 3d 229 (Fla. 1st DCA 2014) (table). We now affirm the trial court's denial of Appellant's petition for writ of habeas corpus. Baker v. State, 878 So. 2d 1236, 1245 (Fla. 2004) ("The remedy of habeas corpus

is not available in Florida to obtain the kind of collateral postconviction relief available in the sentencing court pursuant to rule 3.850."). This affirmance is without prejudice to Appellant's seeking relief pursuant to Florida Rule of Criminal Procedure 3.850 on his claims regarding count 3 of his judgment and sentence. See Thomas v. State, 935 So. 2d 91, 91 (Fla. 5th DCA 2006).

We do not pass upon the viability or merits of Appellant's claims, which is for the trial court's determination if the claims are properly presented. Any motion filed under Rule 3.850 must comply with the content and certification requirements of the rule. Fla. R. Crim. P. 3.850(b), (b)(1), (c), (h), (n). In most circumstances, it must be filed within two years after issuance of mandate. Breland v. State, 58 So. 3d 326, 327 (Fla. 1st DCA 2011) (two-year time limit under Rule 3.850 commences upon appellate court's issuance of mandate). In Appellant's direct appeal, mandate issued on February 7, 2014; therefore, the two years within which to file a motion under Rule 3.850 will expire on February 7, 2016. Court records indicate that Appellant filed an amended motion under Rule 3.850 after filing the present habeas petition, the contents of which are not before this Court. If not already asserted in the recent amended motions under Rule 3.850, Appellant may assert his claims regarding count 3 in a timely and facially sufficient motion that complies with Rule 3.850.

WOLF and KELSEY, JJ., concur; THOMAS, J., concurs in result only.

2