# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1651
Lower Tribunal No. F23-24044
_____

**Gerald Shiflet,**
Appellant,

vs.

**The State of Florida, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ariel Rodriguez, Judge.

Gerald Shiflet, in proper person.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, and Christopher M. Sutter, Senior Assistant Attorney General (Fort Lauderdale), for appellees.

Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Appellant, Gerald Shiflet, appeals from the denial of his petition for habeas corpus challenging the calculation of his gain time and the retention of jurisdiction over his sentence. Citing a lack of jurisdiction, the trial court dismissed the petition. On appeal, the Florida Department of Corrections commendably concedes the trial court possessed jurisdiction to adjudicate the petition. See § 79.09, Fla. Stat. (2024) ("Before a circuit judge the petition and the papers shall be filed with the clerk of the circuit court of the county in which the prisoner is detained."); Harris v. State, 133 So. 3d 1169, 1171 (Fla. 3d DCA 2014) ("Petitioner's challenge to the jurisdiction of the Parole Commission to revoke parole, and his allegation that he is entitled to immediate release as a result of his unlawful detention, dictate that venue is proper in the circuit court of the county in which he is incarcerated."); cf. Coakley v. State, 43 So. 3d 790, 791 (Fla. 1st DCA 2010) ("Normally, a habeas corpus petition must be filed in the circuit court for the county in which the petitioner is imprisoned. But when a petitioner attacks his conviction by raising issues relating to the trial or to the propriety of a plea, the trial court that imposed the sentence and rendered the judgment of conviction has jurisdiction.") (citation omitted). Accordingly, and upon this limited record, we are constrained to reverse and remand for further proceedings.

Reversed and remanded.