PER CURIAM.
By petition for writ of certiorari, Richard Hervis and Peninsular Fire Insurance Company seek review of an order denying their motion for leave to withdraw answer and counterclaim and set aside order on plaintiffs’ motion to strike defenses and petition for rehearing.
Richard Hervis was insured under a liability policy issued by Peninsular Fire Insurance Company. Plaintiffs Rogelio Valdez and his wife instituted a negligence action against Hervis and his liability insurer Peninsular. Although Peninsular was served through the Insurance Commissioner, Hervis himself was never served personally [1] or by substitute service of process. Counsel for Peninsular filed a motion to dismiss on behalf of Peninsular and also filed an answer and counterclaim on behalf of Hervis (without his knowledge). Thereafter, Hervis was noticed for deposition and he did not appear. Upon the motion of Valdez the court entered an order directing Hervis to sit for deposition and further stated that if he failed to appear, the court would strike his defenses upon application by Valdez. Hervis was again noticed for deposition but the. subpoena for deposition was not served upon him. He failed to appear and the court entered an order striking the defenses of Hervis and Peninsular and granting a default as to liability. Counsel for Peninsular filed a petition for rehearing and a subsequent motion for leave to withdraw answer and counterclaim *734 and set aside the order striking defenses. In support of the motion, counsel for Peninsular argued that he had filed the answer and counterclaim on behalf of Hervis upon the mistaken belief that Hervis had been served with process; he had been retained by Peninsular, not Hervis personally, to afford him a defense and, finally, Hervis had not authorized him to appear on his behalf. After a hearing, the trial court entered the order herein under review denying motion for leave to withdraw answer and counterclaim and set aside order on plaintiffs’ motion to strike and petition for rehearing.
Disposition of this appeal is controlled by the following finding in St. Lucie Estates Inc. v. Palm Beach Plumbing Supply Co., 101 Fla. 205, 212, 133 So. 841, 844. (1930):
“The defendant not having been served, the appearance was at best only a voluntary appearance, and it could not be voluntary without the knowledge or authority of the defendant.”
Similarly, in the case at bar, Hervis was not served and the representation by counsel for Peninsular could not be considered voluntary as such appearance on his behalf was without the knowledge or authority of Hervis. We, therefore, conclude that the trial court erred in denying the motion to withdraw answer and counterclaim and set aside order on plaintiffs’ motion to strike defenses. Accordingly, the order denying motion to withdraw answer and counterclaim and set aside order on plaintiffs’ motion to strike defenses is quashed and the cause remanded to the trial court with directions to grant the motion.
Certiorari granted.

. Service was returned because Hervis could not be located at the address listed on the summons.