512 So.2d 1138 (1987)
Michellee B. JEROLAMAN, Appellant,
v.
Frieda VAN BUREN, As Personal Representative of the Estate of Wesley Van Buren, Appellee.
No. BQ-304.
District Court of Appeal of Florida, First District.
September 23, 1987.
*1139 William N. Avera of Avera, Perry & Vloedman, Gainesville, for appellant.
Philip Turner King, Jr. and Gary H. Rushmer of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
NIMMONS, Judge.
This is an appeal by plaintiff/appellant from a non-final order transferring venue in a personal injury case.[1] We reverse.
The instant suit was spawned by an automobile accident which occurred in North Carolina in September, 1983. Appellant and Frieda Van Buren, the wife of Wesley Van Buren, were passengers in a vehicle being operated by Wesley. The complaint alleges that the appellant was injured as a result of Wesley's negligent operation of his vehicle which collided with another motor vehicle. Wesley subsequently died from causes unrelated to the accident.
The Van Burens were residents of Pinellas County, Florida. Frieda, who is the personal representative of her deceased husband's estate, still resides in Pinellas County and all of the estate property is situated there. Appellant, a resident of Alachua County, Florida, filed suit there.
Frieda's attorney filed an answer which raised no issue regarding venue. Five months later, another attorney, who had been employed by Wesley's insurance carrier, filed on behalf of Frieda a "Motion To Dismiss For Improper Venue Or Alternative Motion To Transfer Venue." The motion alleged that Alachua County was an improper venue because that was not a county "where Defendant Frieda Van Buren resides, where said estate is, where the alleged cause of action accrued, or where any property in litigation is located." Thus, the motion averred, it was improper under Section 47.011, Florida Statutes (1985), to bring the action in Alachua County.[2] The motion sought an order dismissing the appellant's complaint, or, in the alternative, an order transferring the case to Pinellas County.
Under Fla.R.Civ.P. 1.140, a party waives all objections to improper venue where he fails to raise the same in his responsive pleading or in a timely filed motion. In Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100, 103 (Fla. 1955), the Court stated:
[O]ne who would assert the venue privilege should, at the earliest possible time, and no later than the filing of his answer, plead all matters then known to him which would negative proper venue. After all, venue is but a privilege, and with the modern development of communications and the commensurate shortening of distance to the place of trial, the importance of the privilege has diminished, and the day when it was considered nearly jurisdictional is long since gone.
*1140 We would also point out that the subject transfer order is not sustainable under Fla.R.Civ.P. 1.060(b) which provides in pertinent part:
(b) Wrong Venue. When any action is filed laying venue in the wrong county, the court may transfer the action in the manner provided in Rule 1.170(j) to the proper court in any county where it might have been brought in accordance with the venue statutes. * * *
Transfer, rather than dismissal, being the favored remedy for improper venue, e.g. James A. Knowles v. Imperial Lumber Company, 238 So.2d 487 (Fla. 2nd DCA 1970), this rule merely vests authority in the trial court to transfer when a timely Rule 1.140 motion challenging improper venue is made. Gross v. Franklin, 387 So.2d 1046, 1049 (Fla. 3rd DCA 1980).[3]
Appellee contends that the above authorities are not controlling in this case because of the particular facts and circumstances involved here. It seems that, prior to the initial service of process upon the defendant, plaintiff's attorney had been communicating with the attorney for the personal representative (Frieda) and with the adjuster for Wesley's insurance carrier regarding the possibility of settlement and that plaintiff's attorney assured them that an answer need not be filed while settlement negotiations were pending.
Nevertheless, after Frieda was served with process, her attorney filed the previously mentioned answer in which no venue objection was raised. The insurance company did not learn until some time later that such answer had been filed. It was then that the insurance company arranged for representation by the other attorney who then filed the motion attacking venue. Subsequent to the filing of that motion  but before the trial court's entry of the appealed order granting such motion  that attorney also filed on behalf of Frieda two motions seeking leave of the court to withdraw her answer or to amend her answer so as to raise the venue objection.
The facts and circumstances set forth above were laid out in Frieda's motions to amend or withdraw her answer. The motions also stated that Wesley's policy of insurance provided for the carrier's "exclusive right to control the litigation."[4]
Appellee contends that Wesley's carrier has the right to control the defense of this suit and that the answer was filed without the knowledge or authorization of the carrier.[5] Appellee, contending that the answer filed on behalf of appellee was "involuntary," relies upon Hervis v. Valdez, 381 So.2d 733 (Fla. 3rd DCA 1980). In Hervis the insurer's counsel filed an answer on behalf of the insured without the latter's knowledge. The insured had never been served. The trial court later entered a default against the insured and his insurer for the insured's failure to attend a deposition and denied the insurer's motion to withdraw the answer. The district court, reversing, held that the answer could not have been voluntary without the knowledge or authority of the defendant.
*1141 Hervis is patently distinguishable from the instant case. In the first place, the record does not support the appellee's argument in the instant case that the answer was filed without the insured's authorization. The fact that it was filed without the insurer's authorization avails the appellee nothing in this case. The fact that appellee may have breached the agreement in the insurance policy does not nullify the validity of the answer vis-a-vis the plaintiff. We note that under present law, the insurer may not be joined as a party to a suit such as this until judgment is first obtained against the insured. Section 627.7262, Florida Statutes (1985); Van Bibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983).
In any event, we do not have before us the question of the meritoriousness of the appellee's two motions seeking to withdraw or amend the answer. There is no indication in the record before us that the trial court ever ruled on these motions. What the trial court did do was to rule on the appellee's tardy venue motion by ordering venue transferred. In this the court erred.
REVERSED.
BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Fla.R.App.P. 9.130(a)(3)(A).
[2] Section 47.011, Florida Statutes, provides:

47.011 Where actions may be begun.  Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents.
[3] We also note that the defendant has made no contention, either in the trial court or here, that she was entitled to a venue transfer under a forum non conveniens theory. Section 47.122, Florida Statutes (1985), governs that kind of a venue transfer and the time limits under Rule 1.140 are not applicable. Gross v. Franklin, supra, at p. 1049, n. 7. Indeed, the defendant would be hard pressed, based upon the record before us, to make an argument for justifying a transfer under Section 47.122.
[4] The policy provision which was attached to one of the motions actually states:

We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.
[5] Actually, appellee contends the answer was filed without the knowledge of either Frieda or the carrier. The record supports this contention only as to the carrier.