813 So.2d 212 (2002)
Lawrence HILL, II, Appellant,
v.
Carissa FIELDS, Appellee.
No. 2D01-1473.
District Court of Appeal of Florida, Second District.
April 3, 2002.
*213 Leonard J. Connors, Plant City, for Appellant.
James L. Slater of Slater & Young, P.A., Palm Harbor, for Appellee.
BLUE, Chief Judge.
Lawrence Hill, II, challenges a temporary domestic violence injunction entered against him, specifically challenging the venue of the action in Pasco County. Because the cause of action filed against him by Carissa Fields did not support venue in Pasco County on any basis set forth in section 47.011, Florida Statutes (1999), we reverse and remand for further proceedings.
Almost a year following the dissolution of their marriage in Pasco County, Ms. Fields, the former wife, filed a petition for a domestic violence injunction on behalf of herself and the parties' two minor children against Mr. Hill, the former husband. Although Ms. Fields and the children reside in Pasco County, Mr. Hill resides in Polk County. The petition for a domestic violence injunction set forth alleged incidents occurring in Polk County.
Following service of the temporary injunction, Mr. Hill filed a motion to dismiss challenging both venue and jurisdiction. He argued that the petition for a domestic violence injunction filed pursuant to chapter 741, Florida Statutes (1999), was filed in an improper venue. There is validity to this argument. Chapter 741 does not contain a provision regarding venue; therefore, the general venue statute, chapter 47, applies. See Barr v. Fla. Bd. of Regents, 644 So.2d 333, 335 (Fla. 1st DCA 1994). Section 47.011 provides that actions shall be brought only in the county where the defendant resides, here, Polk County; where the cause of action accrued, again, Polk County; or where the property in litigation is located, a provision that is not applicable in this case. Accordingly, venue was proper in Polk County, not in Pasco County. We note that it appears that legal relief was available to Ms. Fields in Pasco County, including, but not limited to, a modification of the dissolution of marriage.
The remedy, however, was not the dismissal of the petition as sought by Mr. Hill, but a transfer to the proper venue according to Florida Rule of Civil Procedure 1.060. Accordingly, we reverse the trial court's order and direct that the case be transferred to Polk County.
Reversed and remanded with directions.
WHATLEY and SALCINES, JJ., concur.