815 So.2d 777 (2002)
Tharton McCLAIN, Appellant,
v.
Stephen M. CRAWFORD, Appellee.
No. 2D01-3238.
District Court of Appeal of Florida, Second District.
May 10, 2002.
*778 Tharton McClain, pro se.
David T. Weisbrod, Tampa, for Appellee.
BLUE, Chief Judge.
Tharton McClain appeals the final dismissal of his complaint based on improper venue. Because the dismissal was improper, we reverse and remand for further proceedings.
Mr. McClain filed a two-count complaint alleging breach of contract and legal malpractice against his former criminal defense attorney, Stephen Crawford. Mr. Crawford filed a motion to dismiss on the grounds (1) that the complaint was full of conclusory allegations and not statements of fact; (2) that the complaint was improperly pled (vague); (3) that Mr. Crawford could not file a Federal Rule of Criminal Procedure 35 motion because such motions must be filed by the government; (4) that Mr. McClain pleaded guilty to federal criminal charges; and (5) that The Florida Bar found no violation of its rules in a prior grievance proceeding. Following a hearing on the motion, at which the incarcerated Mr. McClain participated by telephone, Circuit Judge Durrance dismissed the complaint, finding that "[t]he complaint alleges insufficient facts to establish venue in Polk County, Florida. Accordingly, the Motion to Dismiss is hereby granted. This dismissal is with prejudice insofar as refiling in Polk County, Florida."
Following the hearing, Mr. McClain filed a letter complaining that the issue of venue had not been noticed for hearing. After entry of the dismissal order, Mr. McClain filed a timely motion for rehearing, again complaining about the dismissal on a ground that had not been noticed. On appeal, Mr. McClain raises the same concern.
Mr. Crawford answers that because Mr. McClain did not arrange to have the hearing transcribed or a statement of the evidence, he is barred from arguing factual matters that might have occurred at the hearing. Even without a transcript or statement, the record certainly supports Mr. McClain's position that venue was improperly argued at the hearing. Prior to the dismissal order, the record contains no indication that venue was subject to dispute. Indeed, the complaint itself contains an allegation supporting venue in Polk County.
Additionally, the remedy for improper venue is a transfer to the proper venue, not dismissal. See Fla. R. Civ. P. 1.060(b). From the four corners of the complaint, even a transfer might be improper as Mr. McClain alleges that the contract for legal services was entered into in Polk County. The complaint was improperly dismissed on the ground stated in the order.
Accordingly, we reverse the dismissal on venue grounds because the complaint supports venue in Polk County and even if venue was improper, the case should have been transferred, not dismissed. The case is remanded to the circuit court for further proceedings.
Reversed and remanded for further proceedings.
CASANUEVA and SALCINES, JJ., Concur.