898 So.2d 212 (2005)
Shawn R. GRIFFITH, Appellant,
v.
James V. CROSBY, Jr., as Secretary, Department of Corrections, Appellee.
No. 2D04-2661.
District Court of Appeal of Florida, Second District.
March 11, 2005.
Shawn R. Griffith, pro se.
Charles J. Crist, Jr., Attorney General, and Joy A. Stubbs, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, Judge.
Shawn R. Griffith challenges the trial court order dismissing his petition for a writ of mandamus without prejudice. We reverse the order of dismissal and remand for further proceedings.
These proceedings began when Griffith sought review of prison disciplinary action that resulted in the forfeiture of gain time. He filed a petition for writ of mandamus in the Second Judicial Circuit Court in Leon County on October 6, 2003. On November 13, 2003, the circuit court in Leon County dismissed Griffith's petition and directed him to refile the action in his original sentencing court. Griffith complied, refiling *213 the petition in the Tenth Judicial Circuit in Highlands County. On April 16, 2004, that court dismissed Griffith's petition without prejudice, stating that such a petition must be filed in the county where Griffith was incarcerated. Citing Mattern v. State, 829 So.2d 937 (Fla. 4th DCA 2002), the court stated that Griffith could still "file [his petition] in the correct jurisdiction." Pursuant to Mattern, "[a]ny petition for writ of mandamus directed to the Department of Corrections must be filed in the county where appellant is incarcerated." Id. at 937. Griffith is incarcerated in Union Correctional Institution in Raiford, which is located in Union County.
Initially we note that this is not a question of jurisdiction, but rather one of venue. "Venue is one thing; jurisdiction is another. They are not synonymous. Venue concerns `the privilege of being accountable to a Court in a particular location[.]' Jurisdiction is `the power to act[,]' the authority to adjudicate the subject matter." Williams v. Ferrentino, 199 So.2d 504, 510 (Fla. 2d DCA 1967) (quoting Bambrick v. Bambrick, 165 So.2d 449, 455 (Fla. 2d DCA 1964)). Pursuant to article V, section 5 of the Florida Constitution, all circuit courts in the State of Florida have jurisdiction to issue writs of mandamus. The question, however, is where the Department of Corrections ("the Department") should be made to answer the petition, which is an issue of venue.
Where an inmate seeks mandamus review of a decision of the Department regarding the forfeiture of gain time as the result of a prison disciplinary matter, the proper venue is laid either in the county where the inmate is incarcerated or in the county where the Department's headquarters are located. Eastman v. State, 883 So.2d 889, 890 (Fla. 2d DCA 2004); Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003). Thus, the Highlands County circuit court was correct in concluding that Griffith's petition was not properly filed in Highlands County, which is the county where he was sentenced.
However, the court erred in characterizing this as a jurisdictional issue and in dismissing, rather than transferring, the case to the proper venue, which would be either Union County, where Griffith is incarcerated, or Leon County, where the Department is headquartered. See McClain v. Crawford, 815 So.2d 777, 778 (Fla. 2d DCA 2002) ("[T]he remedy for improper venue is a transfer to the proper venue, not dismissal."); Hill v. Fields, 813 So.2d 212 (Fla. 2d DCA 2002); see also Carr v. Stetson, 741 So.2d 567 (Fla. 4th DCA 1999) (stating that dismissal is disfavored); Jerolaman v. Van Buren, 512 So.2d 1138 (Fla. 1st DCA 1987).
We therefore reverse and remand to the trial court with directions to transfer the cause to a correct venue.
Reversed and remanded.
KELLY and CANADY, JJ., Concur.