945 So.2d 1207 (2006)
Corbblin BUSH, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. SC04-2306.
Supreme Court of Florida.
December 21, 2006.
*1209 Hunter W. Carroll of Carlton and Carroll, P.A., Bradenton, FL and Christine R. Davis of Carlton Fields, P.A., Tallahassee, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General and Joy A. Stubbs, Assistant Attorney General, Tallahassee, FL, for Respondents.
PER CURIAM.
Corbblin Bush seeks review of the district court decision in Bush v. State, 886 So.2d 339 (Fla. 5th DCA 2004), based on express and direct conflict with Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We approve in part and quash in part the decision below as explained herein.

I. FACTS
Bush pled guilty to a criminal offense and was convicted and sentenced to a term of imprisonment. He subsequently filed a prisoner grievance, claiming that he was entitled to additional provisional release credits that would shorten his prison time. His grievance was denied and he filed a mandamus petition in circuit court in the Second Judicial Circuit in Leon County, where the Department of Corrections ("Department") is located. The court dismissed the petition for lack of jurisdiction, citing Schmidt v. Crusoe, 878 So.2d 361, 361-62 (Fla.2003) (holding that "an inmate's petition for writ of mandamus challenging a loss of gain time is a collateral criminal proceeding and not a civil lawsuit as contemplated by the Prisoner Indigency Statute"). The circuit court stated: "This Court does not have jurisdiction over collateral criminal proceedings stemming from a conviction and sentence rendered by another circuit court."
Bush then filed a new mandamus petition in circuit court in the Eighteenth Judicial Circuit in Seminole County, where he had been convicted and sentenced; he filed the petition against the Department, and he filed it under the case number of his original criminal case. That court too dismissed his petition, stating: "The court cannot entertain a civil petition in a criminal case. . . . Seminole is not the appropriate venue for this cause of action." The *1210 district court affirmed, ruling that "[a] petition for writ of mandamus is a civil action" and that venue properly lies in Leon County, where the Department is located. Bush v. State, 886 So.2d 339, 339 (Fla. 5th DCA 2004) (emphasis added). This Court granted review based on apparent conflict with Schmidt, wherein the Court held that "an inmate's petition for writ of mandamus challenging a loss of gain time is . . . not a civil lawsuit." Schmidt, 878 So.2d at 361 (emphasis added). Bush claims that the district court below erred in affirming the dismissal of his petition; he contends that his petition should have been transferred to the proper circuit court. The State, on the other hand, contends that Schmidt should be overruled because it has created confusion concerning both the proper remedy and the proper venue for adjudicating such claims.

II. THE PROPER REMEDY
When challenging a sentence-reducing credit determination by the Department, such as a gain time or provisional release credit determination, once a prisoner has exhausted administrative remedies, he or she generally may seek relief in an original proceeding filed in circuit court as an extraordinary writ petition.[1] In such a case, if the prisoner alleges entitlement to immediate release, a petition for writ of habeas corpus is the proper remedy[2]; whereas if the prisoner does not allege entitlement to immediate release, a petition for writ of mandamus is the proper remedy.[3]
In the present case, the State contends that the Court should overrule Schmidt because language in the decision may be read as authorizing prisoners to challenge sentence-reducing credit determinations via collateral remedies rather than extraordinary writ petitions. We disagree. Specifically, the Court in Schmidt did not hold that a challenge to a sentence-reducing credit determination is actually a collateral challenge that must be pursued via a postconviction remedy.[4] First, although the Court in Schmidt did state that "a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because the end result is the samethe inmate's time in prison is directly affected," 878 So.2d at 367, the Court used the term "analogous" and did not state that a gain time challenge is a collateral challenge.[5] And second, although the Court stated that "[this] gain time challenge should be considered a `collateral criminal proceeding,'" id., the *1211 Court did so in the context of the prisoner indigency statute, and the statement is limited to that context.[6] To clarify this matter, we hold that the proper remedy for a prisoner to pursue in challenging a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be a mandamus petition filed in circuit court.

III. THE PROPER VENUE
As for the proper venue for filing a challenge to a sentence-reducing credit determination by the Department, the question is one of venue, not jurisdiction: "Venue is one thing; jurisdiction is another. They are not synonymous. Venue concerns `the privilege of being accountable to a Court in a particular location.' Jurisdiction is `the power to act,' the authority to adjudicate the subject matter." Williams v. Ferrentino, 199 So.2d 504, 510 (Fla. 2d DCA 1967). Although all circuit courts in the state have jurisdiction to issue writs of mandamus, see art. V, § 5(a), Fla. Const., the question here is where in the state a party should be held to answer such a petition, which is a question of venue.
Before a court can determine where a petition should be filed, however, the court first must determine against whom it should be filed. The First District Court of Appeal addressed this matter in the context of a prisoner's challenge to a sentence-reducing credit determination by the Department:
The Florida Department of Corrections is charged with calculating an inmate's sentence and administering the award and forfeiture of gain time for, among other things, revocation of conditional release and prison disciplinary proceedings. In contrast, the Florida Parole Commission is the agency authorized to set presumptive parole release dates and to determine whether to admit an inmate to conditional release or whether an inmate who violates parole or conditional release should be returned to incarceration.
Burgess v. Crosby, 870 So.2d 217, 219 n. 4 (Fla. 1st DCA 2004). The district court explained further:
While issues concerning jail time credit are logically brought to the attention of the sentencing court, a proceeding which challenges the revocation of conditional release and the subsequent forfeiture of gain time . . . has to do with the inmate's behavior on release and the penalty imposed by forfeiture of gain time after the revocation. In such a case, the Florida Parole Commission and the Department of Corrections, rather than the prosecuting authority, would be the appropriate respondents. Similarly, a prison disciplinary action which results in the forfeiture of gain time has to do with the inmate's behavior in prison, not the original offense for which the inmate was sentenced. The Department of Corrections is the appropriate respondent in such a case. Likewise, Florida Administrative Code Rule 33-601.101 allows the Department to make incentive gain time awards so that inmates may be recognized for their individual effort in work, vocational, educational and self-betterment programs. This . . . concerns an inmate's behavior in prison and does not necessarily concern the original *1212 offense for which the inmate was sentenced or the court which conducted those proceedings.
Burgess, 870 So.2d at 220 (footnote omitted). Thus, the Department is the proper respondent in a mandamus proceeding challenging a sentence-reducing credit determination rendered by the Department. As to where in the state the Department should be held to answer such a petition, Florida's district courts are in disagreement.[7]
Because no specific venue statute addresses mandamus petitions,[8] the general venue statute is applicable in such cases: "Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla. Stat. (2005). This statute is consonant with the common law "home venue privilege," which governs suits against government entities in Florida:
It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains it principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.
Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362, 363-64 (Fla.1977) (citations omitted). "Absent waiver or application of an identified exception, the home venue privilege appears to be an absolute right." Jacksonville Elec. Auth. v. Clay County Util. Auth., 802 So.2d 1190, 1192 (Fla. 1st DCA 2002); see also Fla. Dept. of Children & Families v. Sun-Sentinel, Inc., 865 So.2d 1278 (Fla.2004).
The Department, which is the "defendant" in sentence-reducing credit cases, is headquartered, or "resides," in Leon County for purposes of the general venue statute. Further, it is the Department that calculates inmates' sentence-reducing credits and applies them to their sentences,[9] and because the final sentence-reducing *1213 decision and act are made by the Department, the "cause of action" under the statute reasonably may be said to "accrue" in Leon County. And finally, to the extent that language in section 47.011 reasonably may be read as being consistent with the home venue privilege, that language must be so read.[10] Thus, under both section 47.011 and the home venue privilege, the circuit court in Leon County is the proper venue for such cases if the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release.[11]
In the present case, the State argues that the Court should overrule Schmidt because language in the decision may be read as authorizing prisoners to challenge sentence-reducing credit determinations via actions filed in the sentencing court, rather than in the circuit court in Leon County, where the Department is located. We disagree. Although the Court in Schmidt did state that "an inmate's petition for writ of mandamus challenging a loss of gain time is a collateral criminal proceeding and not a civil lawsuit," 878 So.2d at 361, the Court did so in the context of the prisoner indigency statute, and the statement, which was necessitated by the structure of the statute itself, is limited to that context.[12] As drafted, there is only one exception to the prepayment and lien requirements of the prisoner indigency statute: "This section does not apply to a criminal proceeding or a collateral criminal proceeding." § 57.085(10), Fla. Stat. (2005). In order to give effect to the legislative intent underlying the statute, which was to diminish frivolous civil filings but not to diminish legitimate challenges to sentence-reducing credit determinations, the Court in Schmidt was constrained to hold that the statutory exception was applicable to Schmidt's mandamus petition challenging the forfeiture of gain time. To hold otherwise would have violated legislative intent. To clarify this matter, we hold that the proper venue for a prisoner's challenge to *1214 a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be in circuit court in Leon County, where the Department is located.

IV. TRANSFER VERSUS DISMISSAL
Although the Florida Constitution does not specifically address the proper disposition of cases where improper venue is sought, it does address several analogous issues:

The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.

Art. V, § 2(a), Fla. Const. (emphasis added). This provision reasonably may be read as standing for the proposition that a cause generally should not be dismissed because of a technical flaw in the site of a filing or in the designation of a filing, if the flaw is readily remediable by the court.
Florida Rule of Civil Procedure 1.060 specifically addresses the issue of improper venue and provides as follows in relevant part:
(b) Wrong Venue. When any action is filed laying venue in the wrong county, the court may transfer the action . . . to the proper court in any county where it might have been brought in accordance with the venue statutes. When the venue might have been laid in 2 or more counties, the person bringing the action may select the county to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.
Fla. R. Civ. P. 1.060(b) (emphasis added). This rule gives a court authority to transfer a case when improper venue is sought; and transfer, rather than dismissal, is the preferred remedy in such a case. See generally Griffith v. Crosby, 898 So.2d 212 (Fla. 2d DCA 2005) (holding that, in a prisoner's challenge to a sentence-reducing credit determination by the Department, the circuit court in Highlands County, where the petitioner was sentenced, erred in dismissing the case rather than transferring it to circuit court in Leon County, where the Department is located).[13]
*1215 In the present case, as noted above, the following transpired: the circuit court in the Second Judicial Circuit in Leon County, where the Department is located, dismissed Bush's initial mandamus petition for lack of jurisdiction under Schmidt; the circuit court in the Eighteenth Judicial Circuit in Seminole County, where Bush was sentenced, dismissed Bush's subsequent mandamus petition, stating that "the court cannot entertain a civil petition in a criminal case"; and the Fifth District Court of appeal affirmed the ruling of the latter circuit court and held that venue for this action properly lies in Leon County. Bush now contends that the district court erred in affirming the order dismissing the case, rather than directing the circuit court to transfer the case to circuit court in Leon County. We agree. As explained above, transfer rather than dismissal is the preferred remedy in such a case.

V. CONCLUSION
Based on the foregoing, we hold as follows: (1) the proper remedy for a prisoner to pursue in challenging a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be a mandamus petition filed in circuit court; (2) the proper venue for a prisoner's challenge to a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be in circuit court in Leon County, where the Department is located; and (3) transfer rather than dismissal is the preferred remedy where improper venue is sought in a case involving a challenge to a sentence-reducing credit determination by the Department.
Accordingly, we approve the decision of the district court below to the extent it holds that the proper venue for this action is in circuit court in Leon County, but we quash the decision to the extent it affirms the dismissal of Bush's petition. We remand this case with instructions that it be transferred to circuit court in the Second Judicial Circuit in Leon County for further proceedings.
It is so ordered.
LEWIS, C.J., and ANSTEAD, PARIENTE, CANTERO, and BELL, JJ., concur.
WELLS, J., dissents with an opinion, in which QUINCE, J., concurs.
WELLS, J., dissenting.
I dissent from the decision of the majority. This Court held in Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2003):
Therefore, we agree, in accord with the authorities discussed above, that [Schmidt's] gain time challenge should be considered a "collateral criminal proceeding" and the Prisoner Indigency Statute should not apply.
I did not agree that the Schmidt case was a proper writ of mandamus proceeding before the Supreme Court, but the majority held that gain time challenges were "collateral criminal proceedings."
I recognize that the holding in Schmidt has caused problems in administration as demonstrated by the present venue dilemma. But without receding from Schmidt, I conclude that finding venue to be in Leon County in these cases confuses the law of venue. I do not believe that Schmidt can *1216 be explained away by pointing to the sentence which uses the word "analogous." Majority op. at 1210. The holding of Schmidt is as I have quoted it above.
If Schmidt remains the law, then the venue of these collateral criminal proceedings is in the county where the sentence was rendered. From a policy standpoint, that may be a better solution than having all such cases in Leon County.
I urge the Legislature to consider and act on this question. I have never disagreed with the goal of the majority in Schmidt, which was to assure that indigent prisoners could have access to the courts to raise issues concerning their sentences. My disagreement is the procedural approach which has led to, and I fear will continue to lead to, extensive litigation over procedures rather than having litigation concerning the substance of issues involving prisoners' sentences. Further, I do not want the law of venue in respect to collateral criminal proceedings to be confused as to venue being in the county where the criminal proceeding was held.
QUINCE, J., concurs.
NOTES
[1] See, e.g., Stovall v. Cooper, 860 So.2d 5, 7 (Fla. 2d DCA 2003); see also Griffith v. Fla. Parole & Probation Comm'n, 485 So.2d 818, 820 (Fla.1986) (explaining that in view of legislative action eliminating review of prisoners' claims under the Administrative Procedure Act, judicial review still is available through the common law writs of mandamus and habeas corpus).
[2] See, e.g., Stovall, 860 So.2d at 7; Burgess v. Crosby, 870 So.2d 217, 219 n. 2 (Fla. 1st DCA 2004).
[3] See, e.g., Stovall, 860 So.2d at 7; Burgess, 870 So.2d at 219 n. 2. See generally Huffman v. State, 813 So.2d 10, 11 (Fla.2000) ("In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available.").
[4] See, e.g., Fla. R.Crim. P. 3.800 (providing for the correcting, reducing, or modifying of a sentence); Fla. R.Crim. P. 3.850 (providing for the vacating or setting aside of a judgment or for the correcting of a sentence); Fla. R.App. P. 9.141(c) (providing for the filing of an ineffective assistance of appellate counsel claim).
[5] See Schmidt, 878 So.2d at 367.
[6] See Schmidt, 878 So.2d at 367. The full sentence reads: "Therefore, we agree, in accord with the authorities discussed above, that [this] gain time challenge should be considered a `collateral criminal proceeding,' and the Prisoner Indigency Statute should not apply." Id.
[7] The First District Court of Appeal has stated that venue for such cases lies in Leon County. See, e.g., Fla. Dept. of Corrections v. Hanson, 903 So.2d 282, 283 (Fla. 1st DCA 2005); Davidson v. Crosby, 883 So.2d 866, 867 (Fla. 1st DCA 2004); Burgess, 870 So.2d at 220 n. 5. The decisions of the Second District Court of Appeal on this issue are mixed. See, e.g., Stovall, 860 So.2d at 9 (en banc) (stating that venue lies in Leon County); but see Griffith v. Crosby, 898 So.2d 212, 213 (Fla. 2d DCA 2005) (stating that venue lies either in Leon County or in the county where the prisoner is housed); Eastman v. State, 883 So.2d 889, 890 (Fla. 2d DCA 2004) (same). The Third District Court of Appeal has stated that venue lies in Leon County. See, e.g., Salazar v. State, 892 So.2d 545, 547 (Fla. 3d DCA 2005); Barber v. State, 661 So.2d 355, 356 n. 2 (Fla. 3d DCA 1995). The decisions of the Fourth District Court of Appeal are mixed. See, e.g., Mattern v. State, 829 So.2d 937, 937 (Fla. 4th DCA 2002) (stating that venue lies in the county where the prisoner is housed); Burks v. State, 789 So.2d 430, 430 (Fla. 4th DCA 2001) (same); Smith v. State, 785 So.2d 1237, 1237 (Fla. 4th DCA 2001) (same); but see Harris v. State, 713 So.2d 1106, 1106 (Fla. 4th DCA 1998) (stating that venue lies in Leon County). And the decisions of the Fifth District Court of Appeal are mixed. See, e.g., Bush v. State, 886 So.2d 339, 339 (Fla. 5th DCA 2004) (stating that venue lies in Leon County); but see Johnson v. State, 765 So.2d 310, 310 (Fla. 5th DCA 2000) (stating that venue lies in the county where the prisoner is housed).
[8] In contrast, habeas petitions are specifically addressed by statute. See § 79.09, Fla. Stat. (2005).
[9] See, e.g., Burgess, 870 So.2d at 219 n. 4 ("The Florida Department of Corrections is charged with calculating an inmate's sentence and administering the award and forfeiture of gain time for, among other things, revocation of conditional release and prison disciplinary proceedings.").
[10] See, e.g., State v. Ashley, 701 So.2d 338, 341 (Fla.1997) ("Even where the legislature acts in a particular area, the common law remains in effect in that area unless the statute specifically says otherwise: `The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.'") (emphasis omitted) (quoting Thornber v. City of Fort Walton Beach, 568 So.2d 914, 918 (Fla.1990)).
[11] As for the proper venue for other remedies: a rule 3.800 or 3.850 motion is properly filed in the sentencing court, see Burgess, 870 So.2d at 220 n. 5; and under section 79.09, a habeas petition filed in circuit court alleging entitlement to immediate release "shall be filed with the clerk of the circuit court of the county in which the prisoner is detained." See § 79.09, Fla. Stat. (2005); see also Alachua Reg'l Juvenile Detention Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996). As for the time limits governing these remedies: rule 3.850 motions generally must be filed within two years, see Fla. R.Crim. P. 3.850(b); rule 3.800(a) motions have no time limits, see Fla. R.Crim. P. 3.800(a); petitions challenging Department orders entered in prisoner disciplinary proceedings must be filed within thirty days, see Fla. R.App. P. 9.100(c)(4); and challenges to the Department's gain time orders or orders of the Florida Parole Commission arising from parole revocation or presumptive parole release date proceedings have no time limits set forth in the rules. See Burgess, 870 So.2d at 221 n. 6.
[12] See Schmidt, 878 So.2d at 362-67. The full sentence reads: "For the reasons set out below, we grant the petition and hold that an inmate's petition for writ of mandamus challenging a loss of gain time is a collateral criminal proceeding and not a civil lawsuit as contemplated by the Prisoner Indigency Statute." Id. at 361-62.
[13] See also Stovall v. Cooper, 860 So.2d 5 (Fla. 2d DCA 2003) (affirming circuit court's order, in a prisoner's challenge to a sentence-reducing credit determination by the Department, transferring case to Leon County); McClain v. Crawford, 815 So.2d 777, 778 (Fla. 2d DCA 2002) ("Additionally, the remedy for improper venue is transfer to the proper venue, not dismissal."); Hill v. Fields, 813 So.2d 212, 213 (Fla. 2d DCA 2002) ("The remedy, however, was not the dismissal of the petition . . . but a transfer to the proper venue according to Florida Rule of Civil Procedure 1.060."); Carr v. Stetson, 741 So.2d 567, 569 (Fla. 4th DCA 1999) ("Although venue does not lie in Broward, the proper remedy is to transfer the case to Martin or Polk County."); Jerolaman v. Van Buren, 512 So.2d 1138, 1140 (Fla. 1st DCA 1987) ("Transfer, rather than dismissal, being the favored remedy for improper venue, [rule 1.060(b)] merely vests authority in the trial court to transfer when a timely Rule 1.140 motion challenging improper venue is made.") (citation omitted); Gross v. Franklin, 387 So.2d 1046, 1048-49 (Fla. 3d DCA 1980) ("Thus, Rule 1.060(b) merely vests authority in the court to transfer when a timely Rule 1.140 motion challenging improper venue is made. Since transfer, not dismissal, is the favored remedy for improper venue, a . . . motion to dismiss is, in effect, a motion to transfer.") (citation omitted); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Bank of Melbourne, 238 So.2d 665, 667 (Fla. 4th DCA 1970) ("[T]he trial court should make an affirmative finding as to the proper venue and, unless there is a compelling reason to the contrary, transfer the cause to that venue in accordance with Rule 1.060(b), F.R.C.P., rather than dismiss it.").