980 So.2d 588 (2008)
Israel VIERRA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2159.
District Court of Appeal of Florida, Second District.
April 30, 2008.
*589 CASANUEVA, Judge.
Israel Vierra appeals the summary dismissal of his petition for writ of habeas corpus filed in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County. We reverse and remand for further proceedings.
In his petition, Mr. Vierra claimed that he was eligible for immediate release from his imprisonment at Zephyrhills Correctional Institution because the Florida Department of Corrections had improperly calculated his gain time. The circuit court summarily dismissed the petition because Mr. Vierra had not sufficiently demonstrated he had exhausted all administrative remedies. The circuit court also cited Bush v. State, 945 So.2d 1207 (Fla.2006), and ruled that if Mr. Vierra chose to refile his petition after exhausting all administrative remedies he should do so in Leon County.
We conclude that the court erred by failing to first consider whether the petition was properly filed in Hillsborough County. "[A] habeas petition filed in circuit court alleging entitlement to immediate release `shall be filed with the clerk of the circuit court of the county in which the prisoner is detained.'" Bush, 945 So.2d at 1213 n. 11 (quoting § 79.09, Fla. Stat. (2005)). Because Mr. Vierra was incarcerated in Pasco County the Hillsborough County court should have transferred the petition to the circuit court in Pasco County without consideration of the petition's facial sufficiency or its merits. Moreover, pursuant to Bush and section 79.09, the court erred in directing Mr. Vierra to refile his petition if he chose in Leon County.
Accordingly, we reverse the order dismissing the petition and remand with directions to the circuit court to transfer the proceeding to the circuit court for the county in which Mr. Vierra is currently incarcerated.
Reversed and remanded for further proceedings.
SILBERMAN and KELLY, JJ., Concur.