993 So.2d 93 (2008)
Juan Luis BATISTA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-674.
District Court of Appeal of Florida, Fifth District.
October 10, 2008.
*94 Juan Luis Batista, Clermont, pro se.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Juan Luis Batista appeals from an order of the circuit court in Orange County dismissing his petition for writ of habeas corpus. The dismissal order concludes that jurisdiction properly lies in Lake County, where Batista is currently incarcerated, and dismisses the petition on this basis alone. Although we find that jurisdiction is proper in Orange County, we affirm the trial court's order because Batista is clearly not entitled to any relief based upon the facts alleged in his petition.
Batista was originally charged, in Orange County, with trafficking in more than fifty pounds of cannabis, with an offense date of January 29, 2003. Pursuant to a negotiated agreement with the State, Batista pled guilty to a lesser charge of attempted trafficking in cannabis in exchange for a sentence of two years of community control followed by seven years of probation. After Batista violated his community control, which he admitted in an open plea to the bench, Batista was sentenced on May 14, 2004, to ten years in the Department of Corrections ("DOC"), and credited with forty-eight days for time served in the local jail prior to the May 14 sentencing. Batista sought postconviction relief in an untimely motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Relief was denied, and the denial *95 was affirmed on appeal. Batista v. State, 969 So.2d 385 (Fla. 5th DCA 2007).
In his current habeas petition, Batista alleges errors in the affidavit of violation of community control filed in his case and argues that because of these errors: (1) there is a question as to "whether the Petitioner `actually' violated his terms and conditions of community control ..."; and (2) that he "is being illegally detained... on a factually erroneous violation affidavit...." These are attempts to collaterally attack Batista's underlying conviction and sentence and "[o]nly the court in which the defendant was convicted and sentenced has jurisdiction to consider collateral attacks on a judgment or sentence." Broom v. State, 907 So.2d 1261, 1262 (Fla. 3d DCA 2005). Therefore, we find that the circuit court did have jurisdiction to consider Batista's petition.[1]Id.; see also, Richardson v. State, 918 So.2d 999, 1001 (Fla. 5th DCA 2006).
However, we also find that the petition should have been dismissed as an improper collateral attack on Batista's conviction. See, e.g., Bixler v. State, 971 So.2d 934 (Fla. 2d DCA 2007) (affirming trial court order that dismissed habeas petition where although trial court had erroneously concluded that it lacked jurisdiction to consider the petition, any collateral attack would have been time-barred); Richardson, 918 So.2d at 1001-04 (explaining why "it is proper to dismiss a habeas petition collaterally attacking [a] conviction when it is clearly discernable that the claims raised are procedurally barred or do not comply with the requirements of rule 3.850."). At this point, the collateral claims that Batista attempts to raise in his petition would be both successive and time-barred under rule 3.850.
Batista also alleges entitlement to release based upon an entry on an internet docket sheet maintained by the Orange County Clerk of Court. The September 1, 2004, clerk's docket entry reads: "Defendant in DOC release date 11/11/05." Batista's argument on this point is simply that because this Orange County docket entry says that he had a release date in 2005, he can no longer be lawfully detained by DOC.
Although we can understand why Batista would see this docketing error as offering enough hope for a chance at early release that he might seize upon it and raise the issue, his argument is wholly without merit. Obviously, it is the official record of Batista's actual sentence, along with any gain time awarded by DOC, which will determine his true release date. Batista acknowledges that he was sentenced to ten years in DOC on May 14, 2004. Under the gain time statute applicable to Batista's sentence,[2] and given the *96 credit for time served awarded at the time of Batista's sentencing, Batista could not qualify for release until sometime in the later part of 2012, at the earliest. And, of course, it is DOC, and not the Orange County clerk of court, which is responsible for determining Batista's correct release date. See § 944.275(2) and (3), Fla. Stat. (2008).
AFFIRMED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] If Batista's petition had not involved a collateral attack on his sentence, then the trial court's conclusion that it lacked jurisdiction would have been correct. Jurisdiction to consider a habeas petition that alleges entitlement to immediate release, and does not involve a collateral attack on the prisoner's judgment and sentence, lies in the circuit court with jurisdiction over the facility in which the inmate is detained. Bush v. State, 945 So.2d 1207, 1213 n. 11 (Fla.2006). However, if jurisdiction had been proper only in Lake County, then the trial court should have transferred the petition to Lake County for consideration on the merits, rather than dismiss it. See, e.g., Vierra v. State, 980 So.2d 588 (Fla. 2d DCA 2008) (reversing order that dismissed habeas petition and remanding for transfer to the circuit court having jurisdiction over the correctional facility in which appellant was then housed); Yeik v. Fla. Parole Comm'n, 776 So.2d 1037 (Fla. 1st DCA 2001) (same).
[2] See § 944.275(4)(b) 3., Fla. Stat. (2003) (authorizing DOC to award gain time but requiring prisoners sentenced for offenses occurring after October 1, 1995, to serve at least eighty-five percent of their sentences).