PER CURIAM.
 

 Michael Weimorts appeals an order extending a temporary injunction for protection against dating violence, entered the same day the court denied Weimorts’ motion to dismiss for improper venue. Because section 784.046, Florida Statutes (2009), providing for a protective injunction against dating violence, does not contain a special venue provision, the trial court was required to apply the general venue provision in section 47.011, Florida Statutes (2009).
 
 Barr v. Fla. Bd. of Regents,
 
 644 So.2d 333, 335 (Fla. 1st DCA 1994). Under section 47.011, “[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located....” See
 
 Hill v. Fields,
 
 813 So.2d 212, 213 (Fla. 2d DCA 2002)
 
 *387
 
 (holding that wife petitioning for domestic violence injunction was required to file in county of former husband’s residence and venue in county of wife’s residence was improper).
 
 [1]
 
 Weimorts resides in Walton County, any cause of action accrued in Walton County, and the third option allowing venue where the property in litigation is located is not applicable. Thus, venue lies only in Walton County. As a result, the trial court reversibly erred in refusing to transfer venue from Okaloosa County, the residence of the complainant Wendy Shockley,
 
 [2]
 
 to Walton County.
 
 Hill,
 
 813 So.2d at 213.
 

 REVERSED.
 

 KAHN, VAN NORTWICK, and MARSTILLER, JJ., concur.
 

 [1]
 

 . Subsequent to the decision in
 
 Hill,
 
 the legislature amended section 741.30, Florida Statutes, to add a special venue provision, section 741.30(l)(j), allowing a petition to be filed in the circuit where the petitioner resides. Ch. 2002-55, § 13, at 793, Laws of Fla. There is no indication by the legislature that this special venue provision applies outside chapter 741.
 

 [2]
 

 . We recognize, as did the trial court, that under the instructions to family law form 12.980(n) appended to the Florida Family Law Rules of Procedure, a petitioner filing a petition for prohibition against dating violence is instructed to file the petition in the circuit where she lives. However, these instructions cannot contradict section 47.011.
 
 Barr,
 
 644 So.2d at 335 ("[t]he general venue statute controls actions brought under the common law or under statutes not containing a specific provision respecting venue.”).