IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FLOYD D. JOHNSON,

      Appellant,

v.                                                                  Case No.  5D17-6

DEPARTMENT OF CORRECTIONS
AND STATE OF FLORIDA,

      Appellees.

_____/

Decision filed July 21, 2017

Appeal from the Circuit Court
for Volusia County,
Dennis Craig, Judge.

Floyd D. Johnson, Daytona Beach, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wesley Heidt, Assistant
Attorney General, Daytona Beach, for
Appellee State of Florida.

No Appearance for Appellee Department
of Corrections.


PER CURIAM.


      AFFIRMED.


EDWARDS and EISNAUGLE, JJ., concur.
COHEN, C.J., concurs specially, with opinion.

COHEN, C.J., concurring specially.

Johnson appeals the Volusia County Circuit Court's dismissal of his petition for writ of habeas corpus. In his petition, Johnson attacks the validity of his Seminole County conviction, arguing that the Seminole County court lacked subject matter jurisdiction over his case because the amended information was defective. Johnson's conviction resulted in his confinement at a correctional facility in Volusia County.

In general, a petition for habeas corpus must be filed in the circuit court in the county in which the petitioner is detained. Collins v. State, 859 So. 2d 1244, 1245 (Fla. 5th DCA 2003). However, when a petitioner collaterally attacks the validity of his or her underlying conviction or sentence, "jurisdiction in habeas proceedings lies with the trial court that imposed the sentence and rendered the judgment of conviction." Id.; see also Batista v. State, 993 So. 2d 93, 95 (Fla. 5th DCA 2008). In addition, Johnson's claim should have been brought under Florida Rule of Criminal Procedure 3.850(a)(2)–(3), which authorizes relief from a judgment or sentence entered without jurisdiction. Rule 3.850(m) limits the discretion of the court to entertain habeas petitions when the petitioner could have sought relief under rule 3.850. Thus, the trial court properly dismissed Johnson's petition because he should have filed a motion for postconviction relief in Seminole County.