# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2025-1235
Lower Tribunal No. 2023-30696

_____

JOHN A. GREAGER, II, M.D.,

Appellant,

v.

DEPARTMENT OF HEALTH, BOARD OF MEDICINE,

Appellee.

_____

Appeal from the Department of Health.

May 29, 2026

PER CURIAM.

AFFIRMED.

TRAVER, C.J., and MIZE, J., concur.
PRATT, J., concurs, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

PRATT, J., concurring.

I fully concur in the majority's decision to per curiam affirm this appeal. I write separately to explain that, regardless of whether venue is proper in the Sixth District Court of Appeal, we have appropriately decided this appeal on the merits both because we have jurisdiction and because the parties have waived any potential objection to venue in the Sixth District.

First, jurisdiction. Jurisdiction is a word of many meanings. *See, e.g.*, *Brugal v. City of Naples*, 418 So. 3d 758, 764 (Fla. 6th DCA 2025) ("There are three types of jurisdiction recognized under Florida law: 1) subject matter jurisdiction; 2) personal jurisdiction; and 3) case or procedural jurisdiction." (citations omitted)). However, relevant here, jurisdiction refers to this Court's subject matter jurisdiction—i.e., the Court's "[power or] authority to determine a controversy." *Fla. Dep't of Rev. v. Int'l Bonded Couriers, Inc.*, 356 So. 3d 320, 325 (Fla. 1st DCA 2023) (emphasis omitted); *see id.* ("'Jurisdiction,' in the strict meaning of the term, as applied to judicial officers and tribunals, means no more than the power lawfully existing to hear and determine a cause. It is the power lawfully conferred to deal with the general subject involved in the action. It does not depend upon the ultimate existence of a good cause of action in the plaintiff, in the particular case before the court. It is the power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case. Jurisdiction

2

does not relate to the right of the parties, as between each other, but to the power of the court." (emphasis omitted) (quoting *Malone v. Meres*, 109 So. 677, 683 (Fla. 1926))). "[S]ubject matter jurisdiction is never waivable." *Sapp v. Sims Crane & Equip. Co./Bridgefield Cas. Ins. Co.*, 412 So. 3d 808, 811 (Fla. 1st DCA 2025).

This Court's jurisdiction to decide an administrative appeal arises from the Florida Constitution and Florida law. Article V, section 4(b)(2), Florida Constitution, provides that "[d]istrict courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." Relatedly, section 120.68(1)(a)-(b), Florida Statutes, generally prescribes the power of direct review of administrative action by district courts of appeal. *See* § 120.68(1)(a)-(b), Fla. Stat. ("(1)(a) A party who is adversely affected by final agency action is entitled to judicial review. (b) A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy."); *Int'l Bonded*, 356 So. 3d at 323 ("[T]he Legislature gives [district courts of appeal] that power [of direct review of administrative action] in, among other places, [section 120.68(1)(a)-(b) of] the [Administrative Procedure Act].").

In this case, the Court clearly has jurisdiction pursuant to the Florida Constitution, as prescribed by Florida law, to directly review the Department of

Health's final order revoking Appellant's license to practice medicine in the State of Florida and ordering him to pay an administrative fine. *See* § 120.68(1)(a), Fla. Stat. ("A party who is adversely affected by final agency action is entitled to judicial review."). *See generally* § 120.52, Fla. Stat. (definitions applicable to chapter 120).

Second, venue. "Venue is one thing; jurisdiction is another. They are not synonymous. Venue concerns 'the privilege of being accountable to a Court in a particular location.' Jurisdiction is 'the power to act,' the authority to adjudicate the subject matter." *Bush v. State*, 945 So. 2d 1207, 1211 (Fla. 2006) (citation omitted). Unlike subject matter jurisdiction, venue is waivable. *Inverness Coca-Cola Bottling Co. v. McDaniel*, 78 So. 2d 100, 102 (Fla. 1955) ("We repeat the elementary admonition that venue is not to be confused with jurisdiction which may be questioned at any time and cannot be waived or conferred[.] A venue objection may be waived, and if not timely or sufficiently asserted it is the defendant who must bear the consequences." (citation omitted)); *MacDonald v. MacDonald*, 444 So. 2d 531, 532 (Fla. 1st DCA 1984) ("It has long been held that the failure to raise improper venue . . . results in a waiver of that privilege." (citations omitted)). *See generally Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State*, 295 So. 2d 314, 316 (Fla. 1st DCA 1974) ("Jurisdiction is basically an expression of sovereign power; and a judgment or decree rendered without power and jurisdiction of the parties and subject matter is void. Florida's venue statutes do not confer territorial

4

jurisdiction, but presupposes that the court has jurisdiction of the subject matter of the action as well as of the parties. Neither consent, acquiescence nor waiver can confer jurisdiction as the subject matter which is not within the power of the court to adjudicate. On the other hand venue may be changed by consent, acquiescence or waiver. Incorrect venue may be waived by the failure of a defendant to make a timely objection or by stipulation, agreement or consent. A party having a venue privilege may waive same by commencing action in another locality." (citations omitted)).

This Court's venue to decide an administrative appeal also arises from the Florida Constitution and Florida law. *See* art. V, § 4(b)(2), Fla. Const.; § 120.68(2)(a), Fla. Stat. Section 120.68(2)(a) provides in relevant part that "[j]udicial review shall be sought in the appellate district where the agency maintains its headquarters or where a party resides or as otherwise provided by law." Section 120.68(2)(a) is a venue statute because it refers to where an appeal may be filed as opposed to an appellate court's jurisdiction to adjudicate the appeal. *See Bush*, 945 So. 2d at 1211; *see also Miami-Dade Water & Sewer Auth. v. Cormio*, 388 So. 2d 1238, 1248 (Fla. 1st DCA 1979) (Smith, J., supplemental memorandum opinion explaining oral decision concurring in decision and order) ("[T]he choice of a . . . district court of appeal forum for review of nonjudicial action is strictly a matter of venue preference, on which Article V [of the Florida Constitution] is silent and the legislature may speak without restriction."), *certified question answered sub nom.*,

5

*Rollins v. S. Bell Tel. & Tel. Co.*, 384 So. 2d 650 (Fla. 1980). *See generally* Fla. Admin. Prac. § 12.3.A. (15th ed. 2025) (section of manual discussing forum and venue for purposes of appellate proceedings).

In this case, Appellant filed this appeal in the Sixth District pursuant to section 120.68(2)(a) on the basis of his asserted "residency" in the Sixth District. However, it is unclear whether venue is appropriate in the Sixth District. The Department of Health maintains its headquarters in Tallahassee, Florida, the seat of state government. *See, e.g.*, § 456.006, Fla. Stat. ("Each board under the jurisdiction of the department may be contacted through the headquarters of the department in the City of Tallahassee."); § 456.001(3), Fla. Stat. ("'Department' means the Department of Health."). *See generally* art. II, § 2, Fla. Const. ("The seat of government shall be the City of Tallahassee, in Leon County . . . ."). From the record, it appears that Appellant maintains three addresses: a home address in Hinsdale, Illinois, a business address in Lombard, Illinois, and a business address in Naples, Florida. Tallahassee, Florida, is located in Leon County in the First District. *See* § 35.02, Fla. Stat.; § 26.021(2), Fla. Stat. Naples, Florida, is located in Collier County in the Sixth District. *See* § 35.044, Fla. Stat.; § 26.021(20), Fla. Stat. Hinsdale and Lombard, Illinois, are each located outside of Florida.

But it matters not whether venue is proper in the Sixth District in this case. Because Appellant chose to file this appeal in the venue of the Sixth District, because

6

Appellee acquiesced to Appellant's choice of venue, and because the Sixth District has jurisdiction over this appeal, any potential issue as to whether venue is proper in the Sixth District has been waived by the parties and cannot be addressed by this Court. We must therefore leave for another day any further interpretive questions pertaining to section 120.68(2)(a), including what the phrase "where a party resides" means for purposes of section 120.68(2)(a). *See generally, e.g.*, § 120.68(2)(a), Fla. Stat.; *Cruickshank v. Cruickshank*, 420 So. 2d 914, 915 (Fla. 1st DCA 1982) ("The test of residency is physical presence in Florida and the concurrent intent to be a permanent resident."); 20 Fla. Jur. 2d Domicile and Residence §§ 1-5 (2026).

_____

Jon M. Pellett, of Pennington, PA, Tallahassee, for Appellant.

Sarah Young Hodges, Chief Appellate Counsel, of Florida Department of Health, Tallahassee, for Appellee.